EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Inmobiliaria Baleares, LLC y otros<br><br>Peticionarios<br><br>v.<br><br>Sheila Li Benabe González y otros<br><br>Recurridos | Certiorari<br><br>2024 TSPR 112<br><br>214 DPR ___ |

Número del Caso:  CC-2023-0650


Fecha:  21 de octubre de 2024


Tribunal de Apelaciones:

    Panel XI


Representantes legales de la parte peticionaria:

    Lcda. Luz Vanessa Ruiz Torres
    Lcdo. Ramón Rosario Cortés
    Lcda. Sheila Torres Delgado


Representante legal de la parte apelada:

    Lcdo. Joseph R. Marrero-Mathieu



Materia: Procedimiento Civil – No procede la desestimación automática de una causa de acción contingente contra un(a) notario(a) que no es parte indispensable en la reclamación principal.



Este documento está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal Supremo. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Inmobiliaria Baleares, LLC y otros

    Peticionarios

       v.

Sheila Li Benabe González y otros

    Recurridos

CC-2023-0650

La Jueza Presidenta Oronoz Rodríguez emitió la Opinión del Tribunal.

En San Juan, Puerto Rico, a 21 de octubre de 2024.

En este caso nos compete resolver si el foro apelativo intermedio erró al revocar una Resolución que emitió el Tribunal de Primera Instancia en la que denegó una moción de desestimación que presentó el Lcdo. Héctor R. Arroyo Aguilar. Así, pues, el Tribunal de Apelaciones ordenó la desestimación, sin perjuicio, de la demanda en contra del licenciado, tras razonar que este no era una parte indispensable en un pleito en el cual la controversia central giraba en torno a la validez de una escritura de compraventa en la que fungió como el notario autorizante.

Tras considerar la normativa relevante, concluimos que el Tribunal de Apelaciones erró. Como veremos, el hecho de que un notario no sea una parte

indispensable y que la causa de acción en su contra sea contingente a otras causas de acción, no conlleva la desestimación automática a su favor. Ello así, pues nuestro ordenamiento jurídico procesal reconoce la validez de las acumulaciones no indispensables, permisibles y contingentes.

**I**

El 12 de julio de 2022 Inmobiliaria Baleares, LLC (Inmobiliaria FL) e Inmobiliaria Baleares CXA, Corp., (Inmobiliaria PR) (en conjunto, parte demandante) presentaron una demanda en contra de la Lcda. Sheila Li Benabe González (licenciada Benabe González), Pepe & Lola, LLC, el Lcdo. Héctor R. Arroyo Aguilar (licenciado Arroyo Aguilar), y otras partes desconocidas (en conjunto, la parte demandada) sobre daños y perjuicios, fraude, daños *ex contractu*, incumplimiento contractual y nulidad parcial del negocio jurídico. Mediante esta, solicitaron al foro primario que ordenara la corrección de la escritura de compraventa en controversia para hacer constar el nombre del verdadero comprador. En la alternativa, solicitaron que se condenara a la parte demandada a restablecer o reconocer en la escritura, a su costo, al verdadero comprador o dueño real; el pago de no menos de $1,000,000 en concepto de daños y perjuicios, y rentas dejadas de devengar, más la imposición de costas, gastos y honorarios de abogado de no menos de $50,000.

En síntesis, la parte demandante alegó que para el mes de septiembre de 2019 Inmobiliaria FL —representada por el Dr. Edgar A. Reyes Colón (doctor Reyes Colón)— suscribió un

contrato de opción de compraventa (contrato de opción) sobre el solar 165 de la Comunidad de San Antonio en el municipio de Dorado. Sostuvo, además, que el referido contrato de opción de compraventa fue provisto, redactado y gestionado por conducto de la corredora de bienes raíces, la Sra. Sheila Barreto. Alegó también que el precio de venta pactado fue $75,000, y que el entonces dueño registral y eventual vendedor fue el Sr. Kenny Antonio Díaz Guardiola. Sin embargo, la parte demandante alegó que, por error, en el contrato de opción se hizo constar que la parte optante era Inmobiliaria FL, cuando la intención era que la parte optante fuese Inmobiliaria PR.

Expuso, además, que la licenciada Benabe González, entonces esposa del doctor Reyes Colón, indicó que ella se haría cargo de coordinar el cierre, la firma de escritura, la cancelación de la hipoteca y la contratación de un notario o notaria. Según alegó, el doctor Reyes Colón le notificó a la licenciada Benabe González que ejercería el derecho de opción y ella procedió a coordinar y tramitar la documentación para llevar a cabo el cierre de la compraventa con el licenciado Arroyo Aguilar como el notario a cargo de la preparación, y la presentación de la escritura de la compraventa en el Registro de la Propiedad.

La parte demandante arguyó que, al ejercer el derecho de opción, le dio instrucciones a la licenciada Benabe González para que compareciera a la compraventa en representación de Inmobiliaria PR. Surge de las alegaciones que, a pesar de las instrucciones que le impartió, en la

escritura de compraventa se hizo constar como parte compradora a Pepe & Lola, LLC, corporación en la cual la licenciada Benabe González era la única accionista.

Por esto, la parte demandante alegó que la parte demandada tenía pleno conocimiento de que la parte compradora que debió otorgar la escritura de compraventa era Inmobiliaria PR. A pesar de ello, en la Escritura 11 de compraventa de 3 de octubre de 2019, el licenciado Arroyo Aguilar indicó que la licenciada Benabe González compareció a nombre del comprador, Pepe & Lola, LLC, y acreditó que esta estaba facultada y autorizada a representar dicha corporación mediante un certificado de resolución corporativa. Además, alegó que el licenciado Arroyo Aguilar hizo constar falsamente que Pepe & Lola, LLC emitió el pago para cancelar el balance del préstamo hipotecario #0700535362 por la suma de $66,538.19 y que además estaba efectuando un pago por el sobrante de $1,806.43 a la parte vendedora.

Particularmente, la parte demandante afirmó que el licenciado Arroyo Aguilar, bien de manera individual o en conjunto con la licenciada Benabe González y Pepe & Lola LLC, actuó negligentemente, incumplió con su deber notarial de preservar y proteger la fe pública y, a sabiendas o mediando negligencia, autorizó un acto jurídico en el que la parte compradora no era la parte con derecho a comprar. También adujo que el licenciado Arroyo Aguilar dio fe —falsamente— de que los pagos fueron hechos por la empresa de la licenciada Benabe González, cuando todos los documentos reflejaban que

la referida empresa no era la verdadera compradora ni emitió pago alguno. Así, pues, se alegó que el licenciado Arroyo Aguilar faltó, menospreció, claudicó y negoció su rol de custodio de la fe pública notarial.

En respuesta, el 12 de septiembre de 2022 el licenciado Arroyo Aguilar presentó una solicitud de desestimación. En lo pertinente al asunto ante nuestra consideración, esgrimió que procedía la desestimación parcial de la acción en su contra, pues no era una parte indispensable en esta etapa del pleito. Indicó que la jurisprudencia aplicable apuntaba a que, en esa etapa, incluir al notario autorizante de la escritura que recoge el negocio jurídico en controversia era prematuro y, por tanto, correspondía la desestimación inmediata de la acción en su contra.

Luego de que las partes presentaran escritos adicionales, los cuales incluyó una moción de desestimación de parte de Pepe & Lola, LLC y la licenciada Benabe González, el Tribunal de Primera Instancia emitió una *Resolución* en la que denegó ambas solicitudes de desestimación. En lo concerniente, el foro primario expresó que:

> En cuanto a la supuesta inclusión prematura de notario, el tribunal resuelve que como debe aceptar como ciertas las alegaciones contenidas en la demanda y considerarlas de la forma más razonable a la parte demandante no procede en este momento excluir del pleito al licenciado Arroyo. (Cita depurada). Apéndice, pág. 110.

Insatisfecho con el proceder del foro primario, el licenciado Arroyo Aguilar presentó un recurso de *certiorari*

ante el Tribunal de Apelaciones. En este, planteó los siguientes señalamientos de error:

> 1) Erró el Tribunal de Primera Instancia al denegar la solicitud desestimatoria del notario en contravención de la normativa del Tribunal Supremo.

> 2) Erró el Tribunal de Primera Instancia al denegar la solicitud desestimatoria del pleito ante la falta de parte indispensable.

> 3) Erró el Tribunal de Primera Instancia al no desestimar de plano la causa de acción de daños *ex contractu*.

En síntesis, el licenciado Arroyo Aguilar arguyó que, como notario que autorizó la escritura de compraventa, no era parte indispensable en el caso de autos, ni surgía causa de acción alguna en su contra hasta tanto se probara que, en efecto, su gestión profesional generó un daño.

Tras consolidar el recurso del licenciado Arroyo Aguilar con otro recurso de *certiorari* que presentó la licenciada Benabe González junto con Pepe & Lola LLC, el foro apelativo intermedio emitió una *Sentencia* mediante la cual expidió únicamente el recurso de *certiorari* que presentó el licenciado Arroyo Aguilar y concluyó que procedía revocar la determinación recurrida respecto a la causa de acción instada en contra de este.[1] Particularmente, el Tribunal de Apelaciones apuntó al hecho de que todas las alegaciones dirigidas al licenciado Arroyo Aguilar versaban sobre sus funciones en el ejercicio de la notaría, al autorizar la

---

[1] Mediante la misma *Sentencia*, el TA denegó expedir el recurso que presentó la licenciada Benabe González y Pepe & Lola LLC.

escritura de compraventa entre el señor Díaz Guardiola y Pepe & Lola, LLC. Específicamente, expresó que las alegaciones sobre el licenciado Arroyo Aguilar aludían a un mismo asunto, a saber: su supuesta negligencia hacia los deberes notariales al autorizar el referido contrato. Además, el foro apelativo intermedio razonó que una posible causa de acción en este contexto se concretaría o advendría a la vida jurídica únicamente luego de que el foro primario sopesara la prueba respecto a la presunta nulidad del contrato de compraventa en controversia y determinara su nulidad. Consecuentemente, razonó que el licenciado Arroyo Aguilar no era parte indispensable y ordenó la desestimación, sin perjuicio, de la demanda en su contra.

Debido al revés judicial, la parte demandante solicitó al foro *a quo* reconsiderar su determinación sobre la desestimación en contra del licenciado Arroyo Aguilar.

En desacuerdo, la parte demandante presentó el recurso de *certiorari* que nos ocupa. En este, arguyó que el Tribunal de Apelaciones erró al desestimar la causa de acción en contra del licenciado Arroyo Aguilar tras concluir que: 1) todas las alegaciones dirigidas contra este versaban sobre sus funciones en el ejercicio de la notaría; 2) este no era parte indispensable; y 3) una posible causa de acción por sus ejecutorias como notario era contingente al resultado eventual del pleito en la que se dirimiría la nulidad de la compraventa aludida.

Por su parte, el licenciado Arroyo Aguilar presentó un *Alegato en oposición del recurrido* mediante el cual, en esencia, arguyó que todas las alegaciones que surgían de la demanda en su contra versaban sobre sus funciones dentro de su capacidad notarial. Consecuentemente, adujo que no procedía mantenerlo como parte demandada en esta etapa de los procedimientos por no ser una parte indispensable y que cualquier causa de acción que surgiera en su contra nacería únicamente una vez se decretara la nulidad de la escritura en controversia.

Contando con la comparecencia de las partes, resolvemos.

## II

### A. Acumulación de partes

Como norma general, la decisión para seleccionar a quién se va a demandar recae sobre la parte demandante. Sin embargo, no tiene absoluta libertad sobre esta decisión, pues las Reglas de Procedimiento Civil pautan quiénes son las partes litigantes, cuáles de estas son partes indispensables y cuáles son partes permisibles. J. Echevarría Vargas, *Procedimiento Civil Puertorriqueño*, 3ra ed. Rev., Puerto Rico, Editorial Nomos, 2023, pág. 188.

### i. Acumulación indispensable

La Regla 16.1 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 16.1, regula la acumulación indispensable de partes en un pleito. Sobre ello, indica que:

> Las personas que tengan un interés común sin cuya presencia no pueda adjudicarse la controversia, se harán partes y se acumularán

como demandantes o demandadas, según corresponda. Cuando una persona que deba unirse como demandante rehúse hacerlo podrá unirse como demandada. Íd.

Sobre esto, hemos expresado que el requisito de acumular una parte indispensable es una exigencia del debido proceso de ley. Pérez Ríos v. Luma Energy, LLC, 2023 TSPR 136, 4 (2023). Este requisito responde a dos principios básicos: (1) la protección constitucional que impide que una persona sea privada de su libertad y propiedad sin un debido proceso de ley y (2) la necesidad de que el dictamen judicial que en su día se emita sea uno completo. Pérez Ríos v. Luma Energy, LLC, supra; RPR & BJJ, Ex Parte, 207 DPR 389, 407 (2021); Cepeda Torres v. García Ortiz, 132 DPR 698, 704 (1993).

Este Tribunal ha abundado sobre el concepto de parte indispensable al describirla "como aquella de la cual no se puede prescindir y cuyo interés en la cuestión es de tal magnitud, que no puede dictarse un decreto final entre las otras partes sin lesionar y afectar radicalmente sus derechos". Pérez Ríos v. Luma Energy, LLC, supra, pág. 5. Véase, además, FCPR v. ELA, 211 DPR 521, 531 (2023); Cirino González v. Adm. Corrección et al., 190 DPR 14, 46 (2014); Deliz et als. v. Igartúa et als., 158 DPR 403, 432 (2010); Sánchez v. Sánchez, 154 DPR 645, 678 (2001).

Hemos recalcado, además, que el interés común al que hace referencia la Regla 16.1 de Procedimiento Civil, supra, "no se trata de un mero interés en la controversia, sino de aquel de tal orden que impida la confección de un decreto

adecuado sin afectarlo". <u>Pérez Ríos v. Luma Energy, LLC</u>, *supra*; <u>Deliz *et als*. v. Igartúa *et als*.</u>, *supra*, pág. 433. Ese interés común tiene que ser un interés real e inmediato, no especulativo ni futuro, que impida la confección de un remedio adecuado porque podría afectar o destruir radicalmente los derechos de esa parte ausente. <u>Pérez Ríos v. Luma Energy, LLC</u>, *supra*; <u>RPR & BJJ, Ex Parte</u>, *supra*, pág. 408.

Nótese, también, que la falta de parte indispensable es un planteamiento tan vital que se puede presentar en cualquier momento, lo que incluye que se presente por primera vez en apelación. Incluso, el tribunal también puede levantarlo *motu proprio*. <u>Pérez Ríos v. Luma Energy, LLC</u>, *supra*; <u>RPR & BJJ Ex Parte</u>, *supra*, pág. 407. <u>García Colón v. Sucn. González</u>, 178 DPR 527, 550 (2010); <u>Romero v. S.L.G. Reyes</u>, 164 DPR 721, 733 (2005); <u>In re Vélez Báez</u>, 176 DPR 201 (2009).

En fin, este Tribunal ha reiterado en numerosas ocasiones que una sentencia que se emita sin la presencia de una parte indispensable es nula. <u>Pérez Ríos v. Luma Energy, LLC</u>, *supra*; <u>FCPR v. ELA</u>, *supra*, pág. 5; <u>Unisys v. Ramallo Brothers</u>, 128 DPR 842, 859 (1991).

### ii. Acumulación no indispensable

Por su parte, la Regla 16.2 de las Reglas de Procedimiento Civil, *supra*, R. 16.2, regula la acumulación de partes no indispensables en un pleito. Particularmente indica lo siguiente:

> El tribunal podrá ordenar la comparecencia de aquellas personas sujetas a su jurisdicción quienes, a pesar de no ser partes indispensables,

deban ser acumuladas si se ha de conceder un remedio completo a las personas que ya sean partes en el pleito. Íd.

En Granados v. Rodríguez Estrada II, 124 DPR 593 (1989), este Tribunal tuvo la oportunidad de interpretar la Regla 16.2 de las de Procedimiento Civil del 1979, análoga a la Regla 16.2 de las de Procedimiento Civil, *supra*, vigentes.[2] Sobre dicha norma, establecimos que aun cuando técnicamente la parte en controversia no reúna todos los atributos de una parte indispensable, la Regla 16.2 de Procedimiento Civil, *supra*, autoriza a que se incluya en el pleito con el propósito de conceder un remedio completo y final. Granados v. Rodríguez Estrada II, *supra*, pág. 604. Esta facultad es discrecional e igualmente está guiada por un enfoque pragmático. Granados v. Rodríguez Estrada II, *supra*, pág. 605. La determinación de si una parte debe o no acumularse dependerá de los hechos específicos de cada caso. Además, exige una evaluación jurídica de factores particulares en el contexto de cada caso, tales como tiempo, lugar, modo, alegaciones, prueba, clase de derechos, intereses en conflicto, resultado y finalidad. Echevarría Vargas, *op. cit.,* pág. 192; Infante v. Maeso, 165 DPR 474 (2005); Granados v. Rodríguez Estrada II, *supra*, pág. 605. Esta regla procura solucionar el problema de

---

[2] El texto de la Regla 16.2 de las de Procedimiento Civil del 1979 disponía lo siguiente:

El tribunal podrá ordenar la comparecencia de aquellas personas sujetas a su jurisdicción, que a pesar de no ser partes indispensables, deban ser acumuladas si se ha de conceder un remedio completo a las personas que ya sean partes en el pleito. *Reglas de Procedimiento Civil para el Tribunal General de Justicia*, Equity Publishing Corporation, 1979, pág. 45.

las partes necesarias, las que no tienen que estar indispensablemente en el pleito, pero es deseable que lo estén. Por tanto, la [Regla 16.2] faculta al tribunal para ordenar la comparecencia de aquellas personas sobre las cuales pueda ejercer su jurisdicción y que por ser partes necesarias han de ser acumuladas para conceder un remedio completo a las partes en el pleito.
R. Hernández Colón, *Práctica Jurídica de Puerto Rico*, 5ta ed. rev. Puerto Rico, Lexisnexis de Puerto Rico, Inc., 2010, pág. 160.

El profesor Hernández Colón provee el siguiente ejemplo de lo que constituiría una parte necesaria:

Ocurrido un accidente entre una parte y otra que a su vez tiene una compañía aseguradora, el demandante puede demandar a aquel que causó el daño sin necesidad de traer a la compañía aseguradora al pleito. Es conveniente que traiga a la aseguradora al pleito ya que esa compañía tiene un interés en ese caso y dejarla fuera resultaría en una duplicidad de procesos para recobrar de ella. La compañía de seguros es parte necesaria, pero no indispensable, porque el caso podría verse en su ausencia. Si se tiene que cobrar de la aseguradora, el demandante tendrá que iniciar una nueva acción. Hernández Colón, *op. cit.* pág. 154.

### iii. Acumulación permisible

La Regla 17 de Procedimiento Civil, *supra*, indica que:

Podrá acumularse en un pleito cualquier número de personas, como demandantes o como demandadas, si reclaman o se reclama contra ellas conjunta o separadamente, o en la alternativa, cualquier derecho a un remedio relacionado con o que surja del mismo acto, omisión, evento o serie de actos, omisiones o eventos siempre que cualquier cuestión de hecho o de derecho, común a todas, haya de surgir en el pleito. No será requisito que una parte demandante o parte demandada tenga interés en obtener o defenderse de todo el remedio solicitado. Podrá dictarse sentencia a favor de una o más partes demandantes de acuerdo con sus respectivos derechos a un remedio y contra una o más partes demandadas de acuerdo con sus respectivas responsabilidades.

En Meléndez v. Levitt & Sons of P.R., Inc., 106 DPR 437 (1977), este Tribunal interpretó la Regla 17.1 de las de Procedimiento Civil del 1958, análoga a la Regla 17.1 de las de Procedimiento Civil, *supra*, vigentes.[3] En ese momento, reiteramos que no hemos favorecido una interpretación restrictiva de esta regla, sino que debe ser interpretada liberalmente a favor de la acumulación. Meléndez v. Levitt & Sons of P.R., Inc, *supra*, pág. 440; Carrasquillo v. Tribunal Superior, 87 DPR 661, 668 (1963). Además, "su propósito es eliminar obstáculos a la acumulación sin que se afecten los derechos sustantivos de las partes; promover la conveniencia en el juicio; evitar la multiplicidad de pleitos; y, celebrar la disposición final de la litigación mediante la inclusión de todas las partes directamente interesadas en la controversia". Echevarría Vargas, *op. cit.*, pág. 193.

Particularmente, procede la acumulación de demandados cuando: (1) se reclama en su contra un remedio relacionado con la misma transacción o suceso o serie de ellos y (2) hay

---

[3] El texto de la Regla 17.1 de las de Procedimiento Civil del 1958 lee así:

Cualquier número de personas podrá acumularse en un pleito, como demandantes o como demandados, si reclamaren o se reclamare contra ellas mancomunada, solidariamente, o en la alternativa cualquier derecho a un remedio relacionado con, o que surja de la misma transacción, evento, o serie de transacciones o eventos siempre que cualquier cuestión de hecho o de derecho, común a todas, hubiere de surgir en el pleito. No será requisito que un demandante o demandado tenga interés en obtener o defenderse de todo el remedio solicitado. Podrá dictarse sentencia a favor de uno o más demandantes de acuerdo con sus respectivos derechos a un remedio y contra uno o más demandados de acuerdo con sus respectivas responsabilidades.
*Reglas de práctica para Puerto Rico: civiles*, Equity Publishing Corporation, 1959, pág. 40.

en el pleito alguna cuestión de hecho o de derecho común a todas las partes. Echevarría Vargas, *op. cit.*, pág. 193; Carrasquillo v. Tribunal Superior, *supra*. "Cumplidos los requisitos que señala la Regla 17.1, es discrecional del Tribunal de Primera Instancia permitir o no la acumulación". Meléndez v. Levitt & Sons of P.R., Inc, *supra*, pág. 439. Cónsono con lo anterior, los tribunales revisores no deberán intervenir con la discreción del foro primario, salvo casos de craso abuso. Meléndez v. Levitt & Sons of P.R., Inc, *supra*, pág. 439.

### B. Acumulación de reclamación contingente

En primer lugar, la Regla 14.1 de las Reglas de Procedimiento Civil, *supra*, R. 14.1, indica que "[c]ualquier parte podrá acumular en su alegación tantas reclamaciones independientes o alternativas como tenga contra la parte adversa".

En segundo lugar, la Regla 14.2 expresamente permite la acumulación de reclamaciones contingentes:

> Cuando se trate de una reclamación que dependa para su ejercicio de que se prosiga otra reclamación hasta su terminación, estas dos reclamaciones podrán acumularse en el mismo pleito. El tribunal no resolverá la reclamación contingente hasta tanto se resuelva la reclamación principal.
> Reglas de Procedimiento Civil, *supra*, R. 14.2.

Sobre la acción contingente, hemos expresado que este tipo de reclamación "es algo usual y corriente en la práctica procesal, siendo la única limitación que el tribunal no la podrá resolver hasta que ventile la reclamación principal de

la cual depende, o sea, hasta que la sentencia en la acción principal advenga final y firme". Márquez v. Barreto, 143 DPR 137, 144 (1997); Rodón v. Fernández Franco, 105 DPR 368, 383 (1976).

### C. Acumulación del notario o la notaria

#### i. Responsabilidad civil extracontractual

El Art. 1536 del Código Civil del 2020, *supra*, rige lo atinente a la responsabilidad civil extracontractual y dispone que toda persona que por culpa o negligencia cause daño a otra, está obligada a reparar el daño causado. En cuanto a esta norma, hemos explicado que solamente procede la reparación de un daño cuando se demuestren los siguientes elementos indispensables: (1) el acto u omisión culposa o negligente; (2) la relación causal entre el acto u omisión culposa o negligente y el daño ocasionado; y (3) el daño real causado al reclamante. Mena Pamias v. Jiménez Meléndez, 212 DPR 758, 768 (2023); Nieves Díaz v. González Massas, 178 DPR 820, 843 (2010).

Es harto conocido que, en nuestro ordenamiento jurídico, "las acciones de daños por impericia profesional son de índole extracontractual". Martínez Marrero v. González Droz, 180 DPR 579, 592 (2011). En conformidad con lo anterior, "los médicos, abogados y notarios responden por su negligencia profesional según el Art. 1802 [hoy el Art. 1536] del Código Civil". Martínez Marrero v. González Droz, *supra*, pág. 592.

#### ii. Deberes del notario o notaria

Al autorizar un documento, el notario o la notaria da fe pública y asegura que el documento público cumple con todos los requisitos de ley, formal y sustantivamente, que el documento es legal y verdadero y que se trata de una transacción válida y legítima. In re Avilés Tosado, 157 DPR 867, 889 (2002). Así, el notario o la notaria custodia la fe pública notarial que le imparte veracidad, autenticidad y legalidad a los instrumentos públicos y notariales que autoriza. García Colón v. Sucn. González, 178 DPR 527, 552 (2010); Romero v. S.L.G. Reyes, *supra*, pág. 734.

En el desempeño de su gestión notarial, todo notario y toda notaria tiene la obligación de "cumplir con los deberes que le impone la propia ley, los cánones del Código de Ética Profesional y el contrato entre las partes. El incumplimiento de esos deberes expone al notario a una posible acción en daños por los perjuicios causados y a la jurisdicción correctiva y disciplinaria de este Foro". García Colón v. Sucn. González, *supra*, pág. 552. *In re*: Cruz Tollinche, 114 DPR 205, 207 (1983). Así, pues, el notario o la notaria puede responder por sus actuaciones bajo tres aspectos: disciplinaria, civil y criminalmente. Malavet Vega, Pedro, El Derecho Notarial en Puerto Rico, Ed. Omar, 2010, pág. 355.

En lo pertinente, la responsabilidad civil del notario o la notaria puede surgir cuando se cause daño:

> (1) por los defectos formales del instrumento que determinan la frustración del fin perseguido con la intervención notarial; (2) por los vicios de fondo que determinen la nulidad absoluta (pues si los hay, el Notario debe abstenerse de

intervenir) o la relativa (a menos que ésta se produzca por vicio previsto por el Notario y advertido a los otorgantes); (3) por la desacertada elección del medio jurídico para la consecución del fin propuesto; (4) por el deficiente asesoramiento en cuanto a las consecuencias del acto notariado (impuestos, retractos, etc.); y (5) por la incorrecta conducta del Notario como depositario o mandatario de sus clientes (pago de impuestos, presentación de documentos, etc.). Chévere v. Cátala, 115 DPR 432, 437 (1984).

Además, el notario o la notaria es responsable ante su inobservancia de sus deberes profesionales relativos al:

(1) juicio de idoneidad del propio Notario (competencia, ausencia de prohibición legal); (2) juicio de licitud del acto; (3) juicio de capacidad de las partes; [(4)] juicio de legitimación de los otorgantes; [(5)] juicio sobre el esquema jurídico más apto para la consecución del resultado que interesan los otorgantes; [(6)] cumplimiento de los requisitos de redacción y forma; y, (7) cumplimiento de los deberes de información por el Notario a las partes. Chévere v. Cátala, *supra*, pág. 438.

### iii. Notario o notaria como parte no indispensable

En Deliz *et als*. v. Igartúa *et als*., *supra*, este Tribunal resolvió que un notario o una notaria autorizante de un documento impugnado no era parte indispensable en el procedimiento donde se cuestiona la validez del documento. Deliz *et als*. v. Igartúa *et als*., *supra*, pág. 432. Allí explicamos que:

En cualquier caso de esta naturaleza, en que efectivamente se decrete la nulidad absoluta de un testamento otorgado ante notario, dicha determinación necesariamente no conllevaría perjuicio para éste. Podría suceder que el perjudicado por dicha determinación judicial sobre nulidad testamentaria no presente acción judicial, en daños y perjuicios, contra dicho notario. Aun si así lo hiciera dicho perjudicado,

éste, repetimos, tendría que demostrar que la falta en que incurrió el notario provino de su malicia o negligencia o ignorancia inexcusables. Deliz *et als*. v. Igartúa *et als*., *supra*, pág. 436.

Así, "el posible perjuicio o la lesión del notario son contingentes a que en el futuro ocurran una serie de eventos y circunstancias que no necesariamente tienen que darse". García Colón v. Sucn. González, *supra*, pág. 554. Deliz *et als*. v. Igartúa *et als*., *supra*, págs. 436-438. El interés del notario o la notaria en el proceso judicial queda contingente a "factores que podrán manifestarse, si acaso, luego de ser final y firme la anulación del contrato por simulación. Incluso, de presentarse una acción disciplinaria o una acción civil contra el notario a raíz de esa determinación, habrá que dilucidar si éste es responsable conforme a la normativa aplicable". García Colón v. Sucn. González, *supra*, pág. 554. Romero v. S.L.G. Reyes, *supra*, págs. 736.

**D. Moción de desestimación**

La Regla 10.2 de Procedimiento Civil, *supra*, R. 10.2, permite a un demandado solicitar al tribunal que desestime la demanda antes de contestarla "cuando es evidente de las alegaciones de la demanda que alguna de las defensas afirmativas prosperará". Conde Cruz v. Resto Rodríguez, 205 DPR 1043, 1065 (2020). Esa solicitud deberá hacerse mediante una moción y basarse en uno de los fundamentos siguientes: (1) falta de jurisdicción sobre la materia o la persona; (2) insuficiencia del emplazamiento o su diligenciamiento;

(3) dejar de exponer una reclamación que justifique la concesión de un remedio, o (4) dejar de acumular una parte indispensable. 32 LPRA Ap. V, R. 10.2; Cobra Acquisitions, LLC v. Municipio de Yabucoa, 210 DPR 384, 396 (2022); Conde Cruz v. Resto Rodríguez, *supra*, pág. 1066; López García v López García, 200 DPR 50, 69 (2018).

Al evaluar una petición al amparo de la Regla 10.2, *supra*, los tribunales tienen que tomar como ciertos todos los hechos bien alegados en la demanda, y considerarlos de la manera más favorable a la parte demandante. Cobra Acquisitions, LLC v. Municipio de Yabucoa, *supra*, pág. 396; Rivera Sanfeliz et al. v. Jta. Dir. First Bank, 193 DPR 38, 49 (2015); Colón Rivera et al. v. ELA, 189 DPR 1033, 1049 (2013). Así, para que una moción de desestimación pueda prosperar, se tiene que demostrar de forma certera que el demandante no tiene derecho a remedio alguno bajo cualquier estado de derecho que se pudiere probar en apoyo a su reclamación, aun interpretando la demanda lo más liberalmente a su favor. Cobra Acquisitions, LLC v. Municipio de Yabucoa, *supra*, pág. 398; López García v. López García, *supra*, pág. 70; Rivera Sanfeliz v. Jta. Dir. First Bank, *supra*, pág. 49.

## III

Nos corresponde resolver si el Tribunal de Apelaciones erró al ordenar la desestimación de la causa de acción en contra del licenciado Arroyo Aguilar, por entender que: 1) este no era una parte indispensable en un pleito en el cual la controversia central giraba en torno a la validez de una

escritura de compraventa en la que fungió como el notario autorizante y 2) la causa de acción en su contra sería contingente a que se decretase la nulidad del contrato de compraventa en controversia. Como veremos, debido a que las Reglas de Procedimiento Civil autorizan la inclusión de partes no indispensables y la presentación de causas de acciones contingentes, concluimos que el Tribunal de Apelaciones erró en su proceder.

En su *certiorari*, la parte demandante expuso como único señalamiento de error que el Tribunal de Apelaciones desestimó la causa de acción en contra del licenciado Arroyo Aguilar tras concluir que todas las alegaciones dirigidas contra este versaban sobre sus funciones en el ejercicio de la notaría, que este no era parte indispensable y que una posible causa de acción por sus ejecutorias como notario era contingente a las resultas del pleito donde se dirimiría la nulidad de la compraventa aludida.

Por su parte, el licenciado Arroyo Aguilar compareció ante nos mediante un *Alegato en oposición*. En esencia, expuso que de la *Demanda* no surgen alegaciones específicas y detalladas en su contra adicionales a la ejecución de su función notarial. Entonces, por no ser una parte indispensable en el pleito central sobre nulidad de la compraventa, sostuvo que el Tribunal de Apelaciones no erró al desestimar la causa de acción en su contra.

En cuanto a la controversia sobre si el licenciado Arroyo Aguilar es una parte indispensable, tal y como surge

expresamente de la jurisprudencia que hemos reseñado, no cabe duda de que un notario o una notaria no es parte indispensable en un pleito en el cual la controversia central gira en torno a la validez del negocio jurídico que autorizó. Esto, sin embargo, no da fin a la controversia ante nos. Así, pues, aunque el Tribunal de Apelaciones identificó correctamente que el licenciado Arroyo Aguilar no era una parte indispensable, erró al determinar que esto justificaba decretar la desestimación de la causa de acción en su contra.

El foro apelativo intermedio concluyó que procedía la desestimación del pleito en contra del licenciado Arroyo Aguilar, fundamentándose en nuestras expresiones en Romero v. S.L.G. Reyes, *supra*. En particular, allí expresamos que "[r]esulta evidente que en el caso de autos el notario no es parte indispensable en la acción para anular un contrato por simulación que éste autorizó, pues su interés en esa controversia no es real e inmediato, sino contingente a la consecuencia de la acción instada". Romero v. S.L.G. Reyes, *supra*, pág. 736. Sin embargo, para entender la aplicación de esa norma al caso ante nos, es importante contextualizar estas expresiones dentro de la controversia particular que estábamos atendiendo en ese momento.

En Romero v. S.L.G. Reyes, *supra*, el Tribunal de Primera Instancia determinó que cierta compraventa había sido un contrato simulado y, consecuentemente, ordenó la anulación en el Registro de la Propiedad de los asientos que provocó tal escritura. Ante tal determinación, la parte perdidosa reclamó

ante los foros apelativos que la sentencia era nula, por falta de parte indispensable, debido a que no incluyó en la demanda al notario autorizante. Ante ese reclamo, aclaramos que el notario autorizante no era una parte indispensable y que no procedía anular la sentencia ya dictada.

A igual conclusión llegamos en <u>García Colón v. Sucn. González</u>, *supra*. En esa instancia, tuvimos que resolver si procedía una moción de relevo de sentencia fundamentada en que la parte demandante no había incluido al notario autorizante en una acción de sentencia declaratoria y nulidad de testamento. Nuevamente, explicamos que el notario no era parte indispensable y "[c]omo corolario, la sentencia dictaminada por el foro de instancia no infringió el debido proceso de ley del peticionario, por lo que no procede la moción de relevo de sentencia solicitada por los demandantes".

Nótese que en ambos casos se nos solicitó que declaráramos nula una sentencia que, a su vez, declaró nulo un negocio jurídico, bajo el argumento de que la sentencia adolecía de la deficiencia insubsanable de falta de parte indispensable. Tras explicar que un notario o una notaria no era parte indispensable en este tipo de controversia, concluimos que no procedía anular la sentencia.

La situación de hechos que hoy atendemos es distinguible de los casos reseñados. En esta ocasión, estamos ante una demanda en la cual sí se trajo al notario que autorizó la compraventa en controversia y este solicita que se desestime

la causa de acción en su contra. Entonces, la pregunta que estamos llamados a responder es la siguiente: ¿Procede desestimar la causa de acción contra el licenciado Arroyo Aguilar simplemente porque él no es parte indispensable en el pleito central y porque la causa de acción en su contra es, a su vez, contingente al pleito central? La respuesta es que no.

Como reseñamos, nuestras Reglas de Procedimiento Civil reconocen la validez de las acumulaciones no indispensables y las permisibles. Además, autorizan la presentación de causas de acción contingentes. Veamos.

Contrario a lo resuelto por el Tribunal de Apelaciones, la acumulación no indispensable o permisible de una parte en un pleito no justifica la desestimación de la causa de acción en su contra. Queda dentro de la discreción del tribunal determinar si, en consideración a las particularidades del caso, es deseable que se incluya a la parte en el pleito con el propósito de conceder un remedio completo y final. Esta discreción se debe ejercer mediando una interpretación liberal a favor de la acumulación.

Además, como discutimos, en nuestro ordenamiento no hay impedimento alguno para que se presenten dos reclamaciones distintas, una principal y una contingente, en una misma demanda. Como dijimos, esto es "usual y corriente en la práctica procesal, y la única limitación es que el tribunal no la podrá resolver hasta que ventile la reclamación principal de la cual depende, o sea, hasta que la sentencia

en la acción principal advenga final y firme". Márquez v. Barreto, 143 DPR 137, 144 (1997); Rodón v. Fernández Franco, 105 DPR 368, 383 (1976).

Sin duda alguna, las alegaciones en contra del licenciado Arroyo Aguilar que surgen de la demanda están intrínsecamente relacionadas a su función notarial al autorizar la escritura de compraventa objeto de la causa de acción principal. Nótese, a modo ilustrativo, el lenguaje que se utiliza en las siguientes alegaciones:

14. Antes o después de la conversación [de la Lcda. Benabe] con el señor Torres, el notario y demandado Lcdo. Arroyo, **sin ejercer la debida diligencia**, otorgó la escritura de compraventa número 11 del 3 de octubre de 2019, haciendo constar que la parte compradora era Pepe & Lola, LLC.

. . . . . . . .

21. El notario Arroyo, bien de manera individual o en conjunto con la Lcda. Benabe y Pepe & Lola, **actuó negligentemente, incumplió con su deber notarial de preservar y proteger la fe pública** y a sabiendas o mediando negligencia llevó a cabo un acto jurídico donde la parte compradora no era la parte con derecho a compra.

. . . . . . . .

23. El notario Arroyo, inducido o no por la Lcda. Benabe, **faltó, menospreció, claudicó y negoció su rol de custodio de la fe pública notarial.**

. . . . . . . .

72. Sobre el cumplimiento de las funciones inherentes del notario, el Tribunal Supremo expresó en Romero v. S.L.G. Reyes, 164 DPR 721, 734 (2005), que **"[e]n el desempeño de su gestión notarial el abogado está obligado a cumplir con los deberes que surgen de la ley, los cánones del Código de Ética Profesional.** La inobservancia de esos deberes expone al notario a una posible acción en daños por los perjuicios causados al

cliente o a terceros, y a nuestra jurisdicción correctiva y disciplinaria." (Énfasis nuestro). **El notario Arroyo incumplió con los deberes que surgen de la ley y los cánones del Código de Ética Profesional.**

73. Además de la acción disciplinaria a la que puede estar sujeto un notario por violación a los deberes inherentes de la profesión, este puede responder civilmente cuando cause un daño a su cliente y este daño emane de la negligencia y el descuido en el ejercicio de la gestión notarial. Feliciano v. Ross, 165 DPR 649, 661 (2005). **El notario Arroyo causó un daño a su cliente real y este daño emana de su negligencia y el descuido en el ejercicio de la gestión notarial.** (Negrillas suplidas).

Como se puede observar, las alegaciones de la demanda expresamente indican que el daño que presuntamente ocasionó el licenciado Arroyo Aguilar emanó de su supuesta negligencia, descuido e incumplimiento con sus deberes notariales. Por ello, tanto la causa de acción principal, en la cual se solicita que se declare la nulidad de la compraventa, como la contingente, que versa sobre el proceder del licenciado Arroyo Aguilar en su función notarial, surgen de una misma serie de eventos y comparten cuestiones de derecho.

Consecuentemente, quedaba dentro de la discreción del foro primario denegar la solicitud de desestimación que presentó el licenciado Arroyo Aguilar. Por lo tanto, el Tribunal de Apelaciones no debió de interferir con la determinación del Tribunal de Primera Instancia, pues esta fue conforme a derecho. El foro apelativo intermedio se equivocó en su interpretación del efecto que tiene que la causa de acción en contra del licenciado Arroyo Aguilar fuese

contingente y que el licenciado no fuese una parte indispensable. No procedía ordenar la desestimación de la causa de acción en su contra en esta etapa de los procedimientos. En vista de la normativa aplicable, concluimos que el Tribunal de Apelaciones erró al revocar al foro primario y desestimar la causa de acción que se presentó en contra del licenciado Arroyo Aguilar.

**IV**

En resumen, hemos revisitado nuestros pronunciamientos relacionados al rol del notario o de la notaria que autorizó una escritura, en un pleito en el cual la controversia principal versa sobre la nulidad de la escritura. Reiteramos que el notario o la notaria autorizante no es una parte indispensable en esos tipos de pleito, por lo cual hemos determinado que no procede anular una sentencia que se dictó sin su presencia.

Sin embargo, aprovechamos esta oportunidad para aclarar que una parte que solicita que un Tribunal declare la nulidad de una escritura, tiene la prerrogativa de incluir en la demanda al notario o a la notaria autorizante. Así, pues, a pesar de que este o esta no sea una parte indispensable, el tribunal podría autorizar su inclusión y prorrogar la resolución del pleito contingente hasta tanto haya resuelto el pleito principal. Ello será así, siempre y cuando las alegaciones en contra del notario o de la notaria autorizante surjan de una misma serie de hechos y compartan cuestiones de derecho con la causa de acción principal. Con esta norma,

propiciamos la resolución de la totalidad de la controversia en un solo pleito, sin obligar a la parte agraviada a presentar múltiples demandas.

**V**

Por los fundamentos que anteceden, se revoca al Tribunal de Apelaciones y se devuelve el pleito al Tribunal de Primera Instancia para la continuación de los procedimientos.

Se dictará Sentencia de conformidad.


Maite D. Oronoz Rodríguez
Jueza Presidenta

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Inmobiliaria Baleares, LLC y
otros

    Peticionarios

      v.                    CC-2023-0650

Sheila Li Benabe González y
otros

    Recurridos

SENTENCIA

En San Juan, Puerto Rico, a 21 de octubre de 2024.

    Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte de la presente Sentencia, se revoca al Tribunal de Apelaciones y se devuelve el pleito al Tribunal de Primera Instancia para la continuación de los procedimientos.

    Así lo pronunció, manda el Tribunal y certifica el Secretario del Tribunal Supremo. El Juez Asociado señor Rivera García no intervino.

                    Javier O. Sepúlveda Rodríguez
                    Secretario del Tribunal Supremo