Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
Panel VII

| | | |
|---|---|---|
| ADALBERTO CUADRADO RIVERA<br><br>Peticionario<br><br>V.<br><br>PATRICIA MIRANDA DE LEÓN<br><br>Recurrida | KLCE202500009 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Carolina<br><br>Caso Núm. CN2021CV00077 (403)<br><br>Sobre: INCUMPLIMIENTO DE CONTRATO Y OTROS |

Panel integrado por su presidenta, la Jueza Domínguez Irizarry, la Jueza Grana Martínez y el Juez Pérez Ocasio

Grana Martínez, Jueza Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 28 de marzo de 2025.

El peticionario, Adalberto Cuadrado Rivera, solicita que revisemos la denegatoria del Tribunal de Primera Instancia a permitirle enmendar la demanda para acumular un nuevo demandado. Habiendo, la recurrida, Patricia Miranda De León, comparecido mediante la presentación de su oposición al recurso, estamos en posición de determinar si expedimos el recurso de *Certiorari*. Los hechos pertinentes para comprender nuestra determinación se precisan a continuación.

**I.**

El 15 de marzo de 2021, el peticionario presentó una demanda contra la recurrida en la que solicitó la nulidad de una Escritura de Dación en Pago. El peticionario puntualizó que la recurrida fue su abogada en dos (2) casos, el FLE2011G0210 y el KVI2011G0061. Por su representación legal le exigió una garantía de pago por diez mil ($10,000.00) dólares. Aseveró el peticionario que, a requerimiento de la recurrida, le expresó que poseía una participación del cincuenta (50%) en una propiedad inmueble ubicada en Bo.

Número Identificador

RES2025_____

Cubuy, Canóvanas. Así las cosas, el peticionario asegura en su escrito que la recurrida, el 14 de enero de 2012, fue a la cárcel donde se encontraba sumariado, lo indujo a firmar un documento legal, con fecha del 13 de enero del mismo año, indicándole que era necesario para su defensa, lo que hizo. Puntualizó que el documento era una escritura pública de Dación en Pago sobre la propiedad inmueble ubicada en Cubuy. El peticionario asegura que dicha escritura no fue otorgada ante un notario público, a pesar de que aparece autorizada por el notario David Daniel Rodríguez Vargas. Alegó en su reclamación que la recurrida no lo orientó, ni le explicó el contenido del documento. Sino que, mediante mala fe, treta, engaño y fraude, con el único propósito de lucrarse personalmente, lo engatusó. Afirmó que la recurrida presentó la escritura en el Registro de la Propiedad y la ofreció para venta a un tercero. El otro cincuenta por ciento (50%) de la propiedad estaba a nombre de la señora Dolores García Carrillo, su ex esposa. El peticionario asegura que saldó los servicios de la recurrida en los casos FLE2011G0210 y KVI2011G0061 con ingresos de familiares y cierta cantidad, producto de la Administración de Sistema de Retiro.[1]

Según el peticionario, la escritura es nula, porque no cumplió con los requisitos legales para su otorgamiento. En su petición reclamó la nulidad de la escritura por la ausencia de la firma del notario y testigos, ausencia de iniciales y la fecha de otorgamiento incorrecta. Suplicó del foro, la afirmación de la nulidad de la escritura; se ordenara al registro reestablecer la realidad registral previo a la escritura y se impusieran las costas, gastos y honorarios por temeridad a la recurrida. Véase, pág. 1 del apéndice.

Por su parte, la recurrida negó algunas de las alegaciones y dio su versión de los hechos en otras. Explicó que representó al peticionario en dos (2) pleitos de índole criminal, uno de ellos por asesinato en primer grado. Por uno cobro doce mil dólares ($12,000.00) y el otro, cuarenta mil dólares ($40,000.00). Afirmó que fue el peticionario quien ofreció su participación en

---

[1] Véase Demanda, páginas 1 a 5 del apéndice del recurso.

la propiedad de Bo. Cubuy como pago por sus servicios y que, durante su relación contractual, en varias ocasiones visitó el complejo correccional. Puntualizó que la escritura gozaba de veracidad, autenticidad y una presunción de legalidad y no requería testigos instrumentales para su formalización, lo cual dispensaba de la unidad de acto. Explicó que su representación legal permitió que el peticionario saliera no culpable de uno de los casos en su contra. Detalló que en varias ocasiones el peticionario había intentado impugnar la escritura, incluyendo una querella que había radicado en el Tribunal Supremo de Puerto Rico, en la cual el Procurador General validó el negocio jurídico y una reclamación anterior en el caso SJ2019CV12784, la cual fue desestimada. Con la contestación a la demandada presentó una reconvención por persecución maliciosa y por actuar en su contra, sin causa de acción probable. La recurrida pidió que se declarara al peticionario temerario y se le ordenara el pago de las costas, gastos, honorarios de abogado e intereses por temeridad.[2]

El 12 de enero de 2022, el peticionario presentó una Demanda contra Coparte contra el notario David Daniel Rodríguez Vargas. Ese mismo día, el foro primario explicó lo siguiente: "Una demanda contra parte, surge cuando todas las partes están en el pleito y de ordinario ocurre en el lado de los demandados. La parte demandante interesa traer al pleito una nueva parte. Para ello el vehículo procesal correcto es enmendar la demanda, incluir al nuevo demandado y anejar el Proyecto de emplazamiento. Para ello, el Tribunal concede al demandante, veinte (20) días para enmendar la demanda e incluir la nueva parte que interesa". El 18 de enero de 2022 el peticionario presentó Demanda contra Tercero con el propósito de incluir al notario David Daniel Rodríguez Vargas. Ese mismo día, el foro primario señaló que la Demanda contra Tercero, no cumplía con la orden dictada y notificada el 12 de enero del 2022 por lo

---

[2] Véase, Contestación a la Demanda, págs. 8 a 14 del apéndice.

que requirió el cumplimiento de la orden del 12 de enero, so pena de sanciones.[3]

Así las cosas, el 12 de abril del 2022 se llevó a cabo una vista en la cual se discutió el incumplimiento del peticionario con la orden del tribunal, a los efectos de presentar una Demanda Enmendada para incluir al notario cuya escritura impugnaba. La representación legal del peticionario, la licenciada Serrano informó que desistían en cuanto a la reclamación contra Daniel Rodríguez.[4]

El proceso siguió su curso hasta que el 23 de enero de 2023 la representación legal del peticionario solicitó ser relevada por haber aceptado una oferta laboral en una agencia de gobierno, relevo que el foro concedió al día siguiente. El 24 de enero de 2023, el licenciado José E. Padilla Torres solicitó al foro primario asumir la representación legal del peticionario, siendo aceptado tres (3) días más tarde. Durante la Conferencia con Antelación al Juicio, el 25 de mayo de 2023, y a petición de la nueva representación legal del peticionario, el foro concedió el término de treinta (30) días, para presentar cualquier medida dispositiva.

El 31 de octubre de 2024, el peticionario presentó *Urgentísima moción en solicitud se deje sin efecto orden en cuanto a presentación de informe de conferencia con antelación al juicio, solicitud de permiso para enmendar la demanda, demanda enmendada y emplazamientos para diligenciamiento*. El peticionario solicitó permiso para enmendar la demanda, con el propósito de traer al notario que otorgó la escritura, conforme a lo resuelto en *Inmob. Baleares et al. v. Benabé et al.,* 2024 TSPR 112, 214 DPR ___ (2024). Según el peticionario, la enmienda no causaba ningún perjuicio a la recurrida por la etapa procesal en la que se encontraba el caso. Por último, adujo que la enmienda permitiría ventilar y adjudicar el caso en sus méritos, debido a que está relacionada directamente con la función notarial.[5]

---

[3] Véase, pág. 377 y 384 del apéndice.
[4] Véase Minuta Resolución de12 de abril de 2022, entrada número 33 del Sistema Unificado de Administración y Manejo de Casos (SUMAC).
[5] Véase pág. 355 del apéndice del recurso.

La recurrida se opuso a la demanda enmendada, debido a que la decisión en *Inmob. Baleares et al. v. Benabé et al.,* supra, no solo no ocasionó un cambio sustancial en el estado de derecho actual, como alegó el peticionario, sino que el propio peticionario había desistido de traer al notario en la presente causa de acción el 12 de abril de 2022. Precisa recordar que, la anterior representación legal del peticionario, la licenciada Serrano, ante las oportunidades brindadas por el foro para enmendar la demanda e incluir al notario informó que desistían en cuanto a la reclamación en su contra. Puntualizó que el caso ante nuestra consideración era distinguible del caso en *Inmob. Baleares et al. v. Benabé et al.,* supra. Explicó que en tal caso la enmienda se pretendió hacer en una etapa temprana de los procesos, contrario a este. Además, adujo que en este caso el peticionario había hecho alegaciones en la demanda dirigidas a este, sin incluirlo; se le había concedido la oportunidad de enmendar la demanda para hacerlo parte y, por el contrario, había determinado desistir de la reclamación en su contra. Tales hechos, justificaban que no se siguiera la doctrina establecida en *Inmob. Baleares et al. v. Benabé et al.,* supra. [6]

Evaluadas las posturas de ambas partes, en el ejercicio de su discreción, el TPI denegó la solicitud de enmienda a la demanda, porque el peticionario hizo caso omiso a la orden del 12 de enero de 2022. El foro recurrido recordó que ese día informó al peticionario que la demanda enmendada era el vehículo correcto para traer una nueva parte al pleito y le concedió veinte (20) días para presentarla. El TPI hizo hincapié en que el peticionario conocía la identidad del notario desde que presentó la demanda. Dicho foro concluyó que *Inmob. Baleares et al. v. Benabé et al.,* supra, no cambió el estado de derecho de este caso. Por último, resolvió que la enmienda ocasionaría perjuicio a la recurrida y dilataría los procedimientos, porque conllevaría reabrir el descubrimiento de prueba que finalizó el 30 de noviembre de 2022.[7]

---

[6] Véase Moción en Cumplimiento de Orden, páginas 357 a 362 del apéndice.
[7] Véase Resolución, páginas 366 a 370 del apéndice.

El peticionario presentó este recurso en el que alega que:

ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL NO PERMITIR QUE EL DEMANDANTE ENMENDARA LA DEMANDA PARA INCLUIR AL NOTARIO DAVID DANIEL RODRÍGUEZ VARGAS COMO DEMANDADO, A PESAR DE LA NUEVA JURISPRUDENCIA EN APOYO A LA SOLICITUD.

## II.

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar a su discreción una decisión de un tribunal inferior. Art. 670 del Código de Enjuiciamiento Civil de 1933, 32 LPRA sec. 3491, hoy conocido como Ley de Recursos Extraordinarios. Véase también, *800 Ponce De León v. AIG,* 205 DPR 163, 174 (2020); *Mun. Caguas v. JRO Construction, Inc.,* 201 DPR 703, 710 (2019); *Medina Nazario v. McNeil Healthcare, LLC,* 194 DPR 723, 728 (2016). Aunque el *certiorari* se reconoce como un recurso discrecional, la sensatez del juzgador se guía por unos límites. Es decir, la discreción judicial no es irrestricta y ha sido definida en nuestro ordenamiento jurídico como "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". *800 Ponce De León v. AIG,* supra, pág. 174*; Medina Nazario v. McNeil Healthcare LLC,* supra, pág. 729; *Negrón v. Srio. de Justicia,* 154 DPR 79, 91 (2001).

El primero de estos límites es la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V. Esta dispone en lo pertinente que el recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al

denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

Superados los criterios de la Regla 52.1 de Procedimiento Civil, venimos llamados a ejercer nuestro criterio sujeto a lo dispuesto en el Reglamento del Tribunal de Apelaciones mediante la Regla 40, 4 LPRA Ap. XXII-B. Esta dispone que el tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:

A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B) Si la situación de los hechos planteada es la más indicada para analizar el problema.

C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto de la apreciación de la prueba por el Tribunal de Primera Instancia.

D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, por los cuales deberán ser elevados, o de alegatos más elaborados.
E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

### III.

La parte peticionaria solicita que revisemos la decisión del Tribunal de Primera Instancia de no permitirle enmendar la demanda para traer una nueva parte al pleito. El peticionario aduce que estamos en una etapa temprana del proceso, pues el Informe de Conferencia con Antelación a Juicio no se ha confeccionado, ni ha sido celebrada dicha vista, por lo que es el momento idóneo para la enmienda a la demanda y así traer al notario Daniel D. Rodríguez Vargas, ya que esto no perjudica a nadie, no dilata los procedimientos, conllevaría economía procesal, evitaría una duplicidad de casos, estarían todas las partes acumuladas en un solo caso, y la verdad y justicia estarían garantizadas para todas las partes, pues serían escuchadas

en un mismo juicio. Apela al enfoque liberal a la autorización de enmiendas a las alegaciones. Sostiene que el caso aún está comenzando, el descubrimiento de prueba no ha finalizado y la enmienda no causaría perjuicio alguno a ninguna parte. Como explicación por la demora interpreta creativamente el tracto procesal en cuanto a las gestiones previas para traer al notario y sostiene que el caso de *Inmob. Baleares et al. v. Benabé et al.,* supra, cambio la norma. Para el peticionario, la demora no es un factor determinante, sugiere que se le dé más peso a que se resuelva la totalidad de la controversia en un solo pleito. Arguye que no existe un perjuicio para la parte recurrida, pues la teoría no cambia, los hechos contra el notario surgen de una misma serie de hechos y comparten cuestiones de derecho de causa de acción principal. Y por último enfatiza en el caso *Inmob. Baleares et al. v. Benabé et al.,* supra, y su aplicación a los hechos ante nuestra consideración. En cuanto a la determinación de la anterior representación legal del peticionario de traer al notario al pleito como parte en total abstracción del tracto procesal plantea que, cuando la representación legal anterior desistió en aquel momento de traer al notario al caso, no dijo en qué calidad lo renunciaba; es decir, como parte indispensable, como testigo o en fin no se especificó a qué efectos fue renunciado.

Por su parte, la parte recurrida sostiene en primer lugar que, la naturaleza de la Resolución Interlocutoria sobre la cual el peticionario, solicita revisión, no está comprendida en los preceptos esbozados en la Regla 52.1 de Procedimiento Civil. Además, dicha resolución no dispone del caso. Ante esa realidad, sostiene que la única forma en la cual el foro apelativo intermedio podría revisar la determinación interlocutoria del foro primario es que el asunto en controversia esté revestido de interés público o que esperar a la apelación constituiría un fracaso irremediable de la justicia. A su entender, el error presentado ante nuestra consideración no cumple con ninguna de estas instancias, pues el peticionario no está desprovisto de remedios para revisar cualquier determinación que en su día resuelva el foro primario. En cuanto al caso de Inmobiliaria, lo distingue del caso de autos,

sobre todo en sus circunstancias procesales, ya que en este caso recaen precisamente sobre la propia parte peticionaria, las razones por las cuales el notario no es parte. A tales efectos, abunda que en el caso de Inmobiliaria, según surge de las alegaciones de la demanda, la parte demandante decidió traer al pleito al notario autorizante temprano en el caso. Distingue que, en el presente caso, el peticionario, aún con alegaciones dirigidas al notario autorizante desde la demanda inicial para el 15 de marzo de 2021, que alegaban incumplimiento a los requisitos de la Ley Notarial, decidió no traer al notario como parte del pleito. Así sostiene que, conforme nuestro ordenamiento jurídico, esa fue la prerrogativa del peticionario, pues no hay obligación en ley para que una parte demandante tenga que llevar una causa de acción contra una persona. Además, en el presente caso, la parte peticionaria desistió de su causa de acción contra el notario autorizante, y así lo verbalizó por conducto de su representación legal, y así consta en la Minuta Resolución de la vista inicial celebrada el 12 de abril de 2022. Puntualiza que hace más de dos (2) años, el Tribunal concedió veinte (20) días al peticionario, para traer al pleito una nueva parte y no lo hizo, lo renunció. Y el estado de Derecho no ha cambiado; el notario no es parte indispensable. Recalca que la resolución emitida por el foro recurrido no es una revisable bajo la Regla 52.1 de Procedimiento Civil y tampoco conforme los criterios de la Regla 40 del Reglamento del Tribunal de Apelaciones.[8] Manifiesta que el Tribunal Supremo de Puerto Rico ha reiterado, que los tribunales apelativos no deben intervenir con determinaciones emitidas por el foro primario y sustituir el criterio utilizado por dicho foro en el ejercicio de su discreción, salvo que se pruebe que dicho foro actuó con prejuicio o parcialidad, incurrió en craso abuso de discreción, o que incurrió en error manifiesto.

Entonces, repasemos, el foro recurrido evaluó las posturas de las partes. Tomó en consideración el hecho de que le había advertido y orientado sobre la manera de traer al notario como parte al pleito, concediéndole tiempo

---

[8] 4 LPRA Ap. XXII-B.

más que suficiente para así hacerlo. Pesó en su criterio que el peticionario siempre supo, desde el inicio del pleito, quien era el notario y sus alegadas faltas. Además, coincidió con la parte recurrida en que el estado de derecho no ha cambiado, el notario o notaria autorizante de un documento impugnado, no es parte indispensable en el proceso en el que se cuestiona la validez de la escritura pública. Concluye el foro que ante el hecho que el peticionario tuvo amplia oportunidad para traerlo; había desistido de hacerlo, era totalmente improcedente la enmienda por el perjuicio que causaría a la parte recurrida, pues tendría que reabrir el descubrimiento de prueba y dilataría los procesos calendarizados.

Coincidimos con la parte recurrida, la resolución cuestionada no cumple con los criterios de la regla 52.1 de Procedimiento Civil. Tampoco estamos ante los supuestos expuestos en la Regla 40 de nuestro reglamento y que guían nuestro criterio. En ausencia de razones que justifiquen nuestra intervención con la determinación ponderada del foro primario, declinamos la súplica a expedir el recurso y denegamos el mismo.

IV

Por los fundamentos antes expuestos, se deniega el recurso de *certiorari.*

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones