Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL X

| | | |
|---|---|---|
| OFICINA DEL PROCURADOR DE LAS PERSONAS DE EDAD AVANZADA, ET ALS<br><br>Apelantes<br><br><br>V.<br><br><br>TRIBECA CAPITAL GROUP LLC, ET ALS<br><br>Apelados | KLAN202500043 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.: SJ2024CV07186 (603)<br><br>Sobre: Acción Civil sobre Nulidad de Escritura de Compraventa |

Panel integrado por su presidenta; la Juez Lebrón Nieves, la Jueza Romero García y el Juez Rivera Torres

*Lebrón Nieves, Juez Ponente*

## SENTENCIA

En San Juan, Puerto Rico, a 10 de marzo de 2025.

El 13 de enero de 2025, compareció ante este Tribunal de Apelaciones, la Oficina del Procurador de Personas de Edad Avanzada (en adelante, OPPEA o parte apelante), mediante petición de certiorari identificada alfanuméricamente como KLCE202500035[1]. Por medio de esta, nos solicita que, revisemos la *Sentencia Parcial* emitida y notificada el 7 de octubre de 2024, por el Tribunal de Primera Instancia, Sala Superior de San Juan. En virtud del aludido dictamen, el foro *a quo* declaró Ha Lugar la desestimación de la *Demanda* en cuanto a Tribeca Capital Group (en adelante, Tribeca o parte apelada).

---

[1] El 15 de enero de 2025, mediante *Resolución*, dicho recurso se acogió como Apelación, en la cual se ordenó el cambio de materia. Conforme nuestra *Resolución*, la Secretaría de este Tribunal procedió con lo ordenado y le asignó la identificación alfanumérica KLAN202500043.

Por los fundamentos que adelante se exponen, se revoca el dictamen apelado y se devuelve el caso al Tribunal de Primera Instancia.

**I**

Los hechos que suscitaron la controversia de epígrafe, se remontan a una *Demanda* sobre nulidad de escritura de compraventa, presentada por la OPPEA en beneficio y protección de los intereses de la adulta mayor, la señora Aida Ávila Hernández (en adelante, señora Ávila Hernández), y el señor Atanasio Ávila Hernández (en adelante, señor Ávila Hernández), en contra de Tribeca, representada por su agente residente, el señor Rafael Nadal Palmer; Ritocco Investments, Corp, representada por su agente residente, el señor Luis F. Pagán Cruz; el licenciado Manuel A. Martín Méndez; Jane Doe, Lucy Doe y Sara Doe, personas desconocidas. Según se desprende de las alegaciones de la *Demanda,* la señora Ávila Hernández es titular de una propiedad inmueble ubicada en la Urb. Hillside, Calle 1 A4, Caimito Bajo, Río Piedras. Dicha titularidad era compartida con su fenecida madre, la señora Bartola Hernández[2], y su también fenecida hermana, la señora Luz E. Ávila Hernández[3]. Cabe señalar que, de la *Demanda* surge que, la señora Ávila Hernández se encuentra recluida en un hogar de cuidado de larga duración desde el 2022. La parte apelante, también alegó que, el señor Ávila Hernández con el propósito de ayudar a la señora Ávila Hernández, realizaba múltiples gestiones, entre las que se encontraba visitar la aludida propiedad. Sostuvo que, en una de estas visitas, en el mes de junio de 2024, el señor Ávila Hernández se percató que en la propiedad habían unas personas desconocidas realizando reparaciones. Por motivo de lo anterior, el señor Ávila Hernández decidió cambiarle los candados a

---

[2] Fallecida el 11 de marzo de 1994.
[3] Fallecida el 14 de septiembre de 2021.

la propiedad en dos ocasiones. No obstante, estos fueron removidos por los alegados invasores, quienes le impedían el acceso a la propiedad. Asimismo, alegó que, presentó una *Querella* ante la Policía de Puerto Rico en el Cuartel de Caimito, con número asignado 2024-059-412-SJ04.

En su *Demanda*, la parte apelante arguyó que, con la venta de la propiedad se otorgó una escritura de compraventa el 23 de mayo de 2024, ante el notario Manuel Antonio Marín Méndez, donde se describe con detalle la comparecencia de las partes fallecidas, es decir, de la señora Bartola Hernández y la señora Luz E. Ávila Hernández, así como de la señora Ávila Hernández. Argumentó, además, que, dicho acto se llevó a cabo por personas que eran ajenas a las sucesiones de las fallecidas y a la señora Ávila Hernández. Añadió que, las comparecientes en calidad de vendedoras en la escritura de compraventa, usurparon las identidades de las verdaderas titulares de la propiedad, pese a que, el notario expresó haberlas identificado mediante su licencia de conducir. La parte apelante, mencionó que, surgía de la Escritura de Compraventa que el inmueble fue vendido a precio alzado por sesenta mil dólares ($60,000) y que dicha suma fue entregada en el acto. Aseguró que, por motivo de lo antes descrito y la inminente posibilidad de que la propiedad fuese vendida nuevamente, había solicitado al foro de primera instancia una *Petición de Orden* en el caso SJ2024CV06658. Asimismo, el 1 de agosto de 2024, presentó ante el Registro de la Propiedad, una Orden y Mandamiento sobre Prohibición de Enajenar. Finalmente, adujo que, el caso de epígrafe trataba de uno de maltrato en la modalidad de explotación financiera, fraude y traspaso de documentos falsos. Es por lo que, le solicitó al foro *a quo* que declarara nula la escritura de compraventa número 125 del 23 de mayo de 2024, otorgada ante el notario Manuel A. Antonio Martín Méndez; así como que, ordenara

que se devolviera la propiedad a su legítima dueña; que una vez identificadas las alegadas "vendedoras", fueran referidas a las autoridades competentes; que el notario ofreciera la información de cómo se realizó el pago y que se concedieran todos los remedios procedentes en ley, justicia en beneficio y amparo de la adulta mayor.

Posteriormente, la representante legal de la parte apelada presentó la *Moción Comparecencia Especial; en Representación de la Parte Co Demandada, sin Someterse a la Jurisdicción de est[e] Honorable Tribunal*. Por medio de esta, sin someterse a la jurisdicción del foro *a quo*, expresó que, Tribeca se dedicaba a la venta, arreglo y reventa de propiedades, y que se encontraba arreglando una propiedad ubicada en la misma urbanización donde está sita la propiedad en controversia. Alegó que, las vecinas de dicha propiedad, se comunicaron con Tribeca con el propósito de que esta les asistiera debido a que la propiedad alegadamente se encontraba abandonada. Tribeca sostuvo que, con el fin de "garantizar la seguridad" de las vecinas de edad avanzada y de la comunidad, procedieron a limpiar el patio y a cercar la propiedad para prevenir la entrada de "personas sospechosas a esta". Asimismo, indicó que, tuvo contacto con el señor Ávila Hernández, pero que este no le proveyó ningún documento que acreditara su derecho sobre la propiedad, y que "protegiendo la seguridad de la comunidad", procedió a colocarle candado a la propiedad, ya que, además, una vecina le había informado que no lo conocía. Acotó que, al advenir en conocimiento de la *Demanda* de epígrafe, procedió a quitar todos los candados. De igual manera, sostuvo que, deseaba informarle al foro primario que, la propiedad se encontraba en completo deterioro y que esto le perjudicaba la paz y salubridad a las vecinas inmediatas y a toda la comunidad. Por último, señaló que, debido a que no tenía nada que ver con la transacción de

enajenación del inmueble, procedía que se desestimara la demanda en cuanto a Tribeca.

En respuesta, la parte apelante presentó el *Escrito en Oposici[ó]n a Moci[ó]n de Desestimaci[ó]n y en Cumplimiento de Orden*. Mediante esta, la parte apelante sostuvo que, los hechos narrados en la moción presentada por Tribeca, en nada controvertían las alegaciones de la *Demanda*. Sostuvo que, Tribeca en su moción guardó completo silencio con intención de inducir a error al Tribunal respecto a que el 25 de mayo de 2024, compareció como comprador de la propiedad en cuestión. Solicitó al Tribunal de Primera Instancia que declarara No Ha Lugar la solicitud de desestimación y que le ordenara a Tribeca a contestar la *Demanda*.

Mediante *Resolución* emitida el 23 de agosto de 2024, el foro primario declaró No Ha Lugar la solicitud de desestimación presentada por Tribeca. De otra parte, le ordenó a Tribeca a contestar la *Demanda* dentro de diez (10) días.

Por otro lado, Tribeca presentó la *Moci[ó]n al Amparo de la Regla 10.4 de las de Procedimiento Civil*. Esta fue declarada Ha Lugar por el foro *a quo* mediante *Orden* emitida el 3 de septiembre de 2024. El Tribunal de Primera Instancia le ordenó a la parte apelante que, en un término de diez (10) días realizara una exposición más definida de las alegaciones, conforme a la Regla 10.4 de Procedimiento Civil.

En cumplimiento con lo ordenado, el 4 de septiembre de 2024, la parte apelante presentó la *Contestaci[ó]n a Moci[ó]n sobre Exposici[ó]n m[á]s Definida*. Aclaró varias de las alegaciones de la *Demanda*, en específico, respecto a la posibilidad de que la propiedad sea vendida, nuevamente explicó que, quienes figuraban como compradores en la escritura de compraventa eran Tribeca junto a Ritocco Investments. Posteriormente, el foro de primera instancia emitió una *Orden* donde dio por cumplido lo ordenado.

Así las cosas, Tribeca presentó la *Contestaci[ó]n a Demanda y Reiterada Solicitud de Desestimaci[ó]n.* Nuevamente solicitó la desestimación de la *Demanda*. Adujo que, la *Demanda,* según redactada, no involucraba a Tribeca en ninguna acción relacionada con el traspaso del inmueble a favor de terceras personas. Aseguró no haber aceptado que realizó mejoras a la propiedad en controversia, y que, únicamente le había puesto candado y panel para evitar que personas ajenas a la propiedad continuaran teniendo acceso y para "brindarle tranquilidad" a las vecinas. Sostuvo que, dicha "protección" no limitaba, reducía o eliminaba el derecho que tenían los dueños registrales sobre el inmueble. Aseguró no ser parte compareciente en la escritura de compraventa y que, de las alegaciones no surgía que se hubiese involucrado de forma alguna en la redacción de la misma.

La primera instancia judicial, mediante *Orden* emitida el 10 de septiembre de 2024, le concedió a la parte apelante un término de veinte (20) días para contestar la segunda solicitud de desestimación.

Más adelante, Tribeca presentó la *Reiterada Solicitud de Desestimaci[ó]n.*

Finalmente, el Tribunal de Primera Instancia emitió la *Sentencia Parcial* cuya revisión nos ocupa. En virtud de esta, razonó lo siguiente:

> Luego de examinar detenidamente la totalidad del expediente y de estudiar el derecho aplicable, este Tribunal concluye que no es necesario celebrar una vista en su fondo para resolver la controversia ante nuestra consideración.

De igual manera, resolvió que:

> A modo de resumen, sostenemos que, en cuanto a la solicitud de desestimación de los demandados Tribeca Capital Group, examinada la demanda de la forma más favorable a los demandantes, no se aduce una reclamación que justifique la concesión de un remedio contra estos al amparo de la Regla 10.2(5) de Procedimiento Civil. A base del derecho aplicable, no

hay duda de que se dan las circunstancias para que el Tribunal pueda desestimar la demanda, pues surge que no se realiza ninguna alegación contra los demandados Tribeca Capital Group.

A tales efectos, declaró Ha Lugar la solicitud de desestimación presentada por Tribeca y adoptó e incorporó por referencia a la *Sentencia Parcial* los fundamentos esbozados en la solicitud de desestimación.

Inconforme con lo resuelto, la parte apelante presentó *Moci[ó]n de Reconsideraci[ó]n.* Reiteró que, Tribeca había comparecido en la escritura de compraventa número 125 otorgada el 23 de mayo de 2024, ante el notario Manuel A. Martín Méndez.

Por otro lado, Tribeca presentó la *Oposición a Moción de Reconsideración y Reiterando Solicitud de Desestimación.* En su moción, por primera vez, sostuvo que el señor Ávila Hernández carecía de legitimación activa para presentar la *Demanda,* y añadió que, la parte apelante pretendía enmendar las alegaciones de la *Demanda* por medio de la moción de reconsideración. Adujo, que, no existía alegación alguna donde se le imputara a Tribeca o Ritocco que hubiesen cometido un acto negligente, ilegal o contrario a la ley, ni tampoco se hacía referencia a algún daño sufrido por la parte apelante.

Mediante *Resolución Interlocutoria,* emitida el 13 de noviembre de 2024, el Tribunal de Primera Instancia declaró No Ha Lugar la moción de reconsideración presentada por la parte apelante. Igualmente, acogió los fundamentos presentados por Tribeca en su oposición.

Aún en desacuerdo, la parte apelante acudió ante este foro revisor y esgrimió los siguientes señalamientos de error:

- Err[ó] la sala sentenciadora al desestimar la Demanda en esta etapa y sin celebrar Vista. El Tribunal recibió información en la comparececencia de la Oposición de la primera Desestimación y debió permitir que la Demandante tuviera su día en corte. La parte Demandante es una persona adulta mayor

posible Incapaz que reside en un Hogar de Cuidado de Larga Duración y fue víctima del acto de Usurpación de identidad en la Compraventa.

- Erró la sala sentenciadora cuando desestimó la causa de acción contra la codemandada Tribeca quien es Parte Indispensable en un proceso de nulidad de escritura donde es parte Compradora.

El 13 de febrero de 2025, compareció la Tribeca por medio de *Moción de Desestimación*.

Con el beneficio de la comparecencia de las partes, procedemos a resolver.

## II

### A. *Deferencia Judicial*

Según es sabido, las determinaciones de hechos y de credibilidad del tribunal sentenciador deben ser merecedoras de gran deferencia por parte de los foros apelativos. *Argüello v. Argüello*, 155 DPR 62 (2001); *Ortiz Ortiz v. Medtronic*, 209 DPR 759, 779 (2022)[4].

Sin embargo, la deferencia judicial no es absoluta, pues podrá ser preterida en ciertas instancias. Nuestro Máximo Foro ha reiterado que, los tribunales apelativos "no debemos intervenir con las determinaciones de los juzgadores de primera instancia, salvo que medie pasión, prejuicio, parcialidad o error manifiesto". *Serrano Muñoz v. Auxilio Mutuo*, 171 DPR 717, 741 (2007); *Santiago Ortiz v. Real Legacy et al.*, 206 DPR 194, 219 (2021); *Ortiz Ortiz v. Medtronic*, supra, pág. 778, *Pueblo v. Hernández Doble*, 210 DPR 850, 864 (2022)[5].

No obstante, "la tarea de determinar cuándo un tribunal ha abusado de su discreción no es una fácil. Empero, no tenemos duda de que el adecuado ejercicio de discreción judicial está

---

[4] Véase, también, *Pueblo v. Bonilla Romero*, 120 DPR 92, 111 (1987); *SLG Rivera Carrasquillo v. AAA*, 177 DPR 345, 356 (2009); *Hernández Maldonado v. Taco Maker*, 181 DPR 281 (2011); *SLG Rivera Carrasquillo v. AAA*, 117 DPR 345, 356 (2009).
[5] Véase también *Rodríguez et al. v. Hospital et al.*, 186 DPR 889, 908-909 (2012); *Dávila Nieves v. Meléndez Marín*, 187 DPR 750 (2013).

estrechamente relacionado con el concepto de razonabilidad". *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 434-435 (2013)[6]. Es por lo que, nuestra más Alta Curia ha definido la discreción como "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". *IG Builders et al. v. BBVAPR*, 185 DPR 307, 338 (2012); *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023). Así, la discreción se "nutr[e] de un juicio racional apoyado en la razonabilidad y fundamentado en un sentido llano de justicia; no es función al antojo o voluntad de uno, sin tasa ni limitación alguna". Ello "no significa poder para actuar en una forma u otra, haciendo abstracción del resto del Derecho". (Citas omitidas). *SLG Zapata-Rivera v. J.F. Montalvo*, supra, pág. 435.

### B. Regla 10.2 de Procedimiento Civil

La Regla 10.2 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2, faculta a la parte contra la cual se presente una alegación en su contra a presentar una moción de desestimación, por los fundamentos siguientes: 1) falta de jurisdicción sobre la materia; 2) falta de jurisdicción sobre la persona; 3) insuficiencia del emplazamiento; 4) insuficiencia del diligenciamiento del emplazamiento; 5) dejar de exponer una reclamación que justifique la concesión de un remedio, y 6) dejar de acumular una parte indispensable. *Díaz Vázquez y otros v. Colón Peña y otros*, 2024 TSPR 113, 214 DPR ___ (2024); *Inmobiliaria Baleares, LLC y otros v. Benabe González y otros*, 2024 TSPR 112, 214 DPR ___ (2024); *Cobra Acquisitions, LLC v. Municipio de Yabucoa et al.*, 210 DPR 384 (2022); *Rivera Sanfeliz et al. v. Jta. Dir. FirstBank*, 193 DPR 38, 49 (2015); *Colón Rivera et al. v. ELA*, 189 DPR 1033, 1049 (2013). La precitada regla permite a la parte demandada presentar una moción de

---

[6] Véase, además, *Pueblo v. Rivera Montalvo*, 205 DPR 352, 373 (2020); *Umpierre Matos v. Juelle, Mejía*, 203 DPR 254, 275 (2019), citando a *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

desestimación debidamente fundamentada previo a contestar la demanda instada en su contra. *Conde Cruz v. Resto Rodríguez*, 205 DPR 1043 (2020); *Carrasquillo v. ELA*, 209 DPR 240 (2022).

Asimismo, el Tribunal Supremo de Puerto Rico ha establecido que, al momento de considerar una moción de desestimación, los tribunales están obligados a tomar como ciertos todos los hechos bien alegados en la demanda y, a su vez, considerarlos de la forma más favorable a la parte demandante. *Díaz Vázquez y otros v. Colón Peña y otros*, supra; *Inmobiliaria Baleares, LLC y otros v. Benabe González y otros*, supra; *Cobra Acquisitions, LLC v. Municipio de Yabucoa et al.*, supra, pág. 396; *Carrasquillo v. ELA*, supra, pág. pág. 247; *Rivera Sanfeliz v. Jta. Dir. FirstBank*, supra, pág. 49; *Cruz Pérez v. Roldán Rodríguez*, 206 DPR 261, 267 (2021); *Colón Rivera et al. v. ELA*, supra, pág. 1049.  Es por lo que, para que proceda una moción de desestimación, "tiene que demostrarse de forma certera en ella que el demandante no tiene derecho a remedio alguno bajo cualquier estado de [D]erecho que se pudiere probar en apoyo a su reclamación, aun interpretando la demanda lo más liberalmente a su favor". *Cobra Acquisitions, LLC v. Municipio de Yabucoa et al.*, supra, pág. 396; *Díaz Vázquez y otros v. Colón Peña y otros*, supra; *Carrasquillo v. ELA*, supra, pág. 247; *Cruz Pérez v. Roldán Rodríguez*, supra, págs. 267-268; *Rivera Sanfeliz v. Jta. Dir. FirstBank*, supra, pág. 49; *Ortiz Matías et al. v. Mora Development*, 187 DPR 649, 654 (2013*); López García v. López García*, 199 DPR 50, 69-70 (2018).

### C. Regla 16.1 de Procedimiento Civil

La Regla 16 de Procedimiento Civil es la que regula lo concerniente a la acumulación de partes indispensables.  En lo pertinente, la Regla 16.1 de Procedimiento Civil dispone que: "Las personas que tengan un interés común sin cuya presencia no pueda adjudicarse la controversia, se harán partes y se acumularán como demandantes o demandadas, según corresponda".  32 LPRA Ap. V.

R. 16.1. Una parte indispensable es de la cual "[n]o se puede prescindir, pues sin su presencia, las cuestiones litigiosas no pueden adjudicarse correctamente, ya que sus derechos quedarían afectados". *Rivera Marrero v. Santiago Martínez*, 203 DPR 462, 479; *López García v. López García*, 200 DPR 50, 63 (2018); *Allied Mgmt Group. v. Oriental Bank*, 204 DPR 374 (2020).

El Tribunal Supremo ha expresado que el interés común dispuesto por la Regla 16.1 de Procedimiento Civil no se trata de un mero interés, sino, de uno de tal magnitud que impida la confección de un derecho adecuado sin afectar o destruir los derechos a esa parte ausente. *López García v. López García*, supra, pág. 64; *Allied Mgmt Group. v. Oriental Bank*, supra, págs. 389-390; *García Colón v. Sucn. González*, 178 DPR 527, 549 (2010). El referido interés debe ser real e inmediato, sin tratarse de meras especulaciones o de algún interés futuro. *López García v. López García*, supra, pág. 64; *García Colón v. Sucn. González*, supra, pág. 549.

La Regla 16.1 de Procedimiento Civil, *supra*, tiene como propósito salvaguardar el debido proceso de ley de la parte ausente, evitando que una persona sea despojada de su libertad y de su propiedad sin un debido proceso de ley, y a su vez, asegurar que el remedio provisto por los tribunales sea uno completo. *López García v. López García*, supra, págs. 63-64; *Allied Mgmt Group. v. Oriental Bank*, supra, pág. 389; *Romero v SLG Reyes*, 164 DPR 721 (2015). Nuestro más Alto Foro ha reiterado que cuando se interprete la Regla 16.1, *supra*, es necesario que se aplique un enfoque pragmático, así pues, requiere una evaluación individualizada de los hechos particulares de cada caso. *López García v. López García*, supra, pág. 64; *Romero v SLG Reyes*, supra, pág. 732. Se deben evaluar factores como tiempo, lugar, modo, alegaciones, prueba, clase de derechos, intereses en conflicto, resultado y formalidad. *López García v. López García*, supra, pág. 65.

Debido a la importancia de una parte indispensable, su omisión pudiese tener como efecto la desestimación de un pleito. *Cirino González v. Adm. Corrección,* 190 DPR 14, 46 (2014). No obstante lo anterior, el tribunal tiene facultad para concederle la oportunidad a una parte interesada para traer al pleito a la parte originalmente omitida. *Íd.* pág. 46. Es menester destacar que no acumular una parte indispensable priva al tribunal de jurisdicción sobre la persona, y como consecuencia, si emite una sentencia en ausencia de la parte indispensable, esta sería nula. *Rivera Marrero v. Santiago Martínez,* supra, pág. 479; *García Colón v. Sucn. González,* supra, pág. 550.

Esbozada la normativa jurídica que enmarca la controversia de epígrafe, procedemos a aplicarla.

**III**

En su primer señalamiento de error, la parte apelante sostiene que, el foro de primera instancia incidió al desestimar la *Demanda* en la etapa en la que se encontraba sin celebrar una vista. Aduce que, debió permitir que la parte apelante tuviese su día en corte, debido a que esta es una adulta mayor, posible incapaz que reside en un Hogar de cuidado de larga duración y fue víctima del acto de Usurpación de identidad en la compraventa.

Como segundo señalamiento de error, la parte apelante arguye que, la primera instancia judicial erró al desestimar la causa de acción contra Tribeca, quien es parte indispensable en un proceso de nulidad de escritura donde figura como compradora.

Por encontrarse intrínsecamente relacionados, discutiremos los señalamientos de error de forma conjunta. Adelantamos que, le asiste la razón. Veamos.

Con el propósito de resolver la controversia ante nuestra consideración, nos corresponde determinar si conforme a los hechos

particulares del caso de autos, Tribeca es una parte indispensable en la *Demanda*.

De acuerdo al derecho expuesto, la Regla 16.1 de Procedimiento Civil, *supra*, establece que, "[l]as personas que tengan un interés común sin cuya presencia no pueda adjudicarse la controversia, se harán partes y se acumularán como demandantes o demandadas, según corresponde".[7] Una parte indispensable es aquella de la cual no se puede prescindir, puesto que, sin su presencia, las cuestiones litigiosas están impedidas de adjudicarse correctamente por razón de que sus derechos quedarían afectados por una determinación judicial.[8] Esta regla se basa en dos principios fundamentales, a saber: (1) la protección constitucional que impide que una persona sea privada de la libertad y de su propiedad sin un debido proceso de ley, y (2) la necesidad de incluir a una parte indispensable para que el decreto judicial emitido sea completo.[9] La persona ausente deberá tener un interés sobre el pleito que sea real e inmediato y no puede tratarse de meras especulaciones o de un interés.[10]

Conforme surge del tracto procesal antes reseñado, la parte apelante argumentó que, Tribeca aparecía como parte compradora en la Escritura de Compraventa otorgada el 23 de mayo de 2024. Al revisar el expediente pudimos constatar que, en efecto, de la Escritura de Compraventa surge que Tribeca figura como una de las partes compradoras de la propiedad en controversia y citamos:

> ---**DE LA SEGUNDA PARTE: RITOCCO INVESTMENTS, CORP.**, una corporación debidamente organizada en Puerto Rico el veintinueve (29) de julio de dos mil nueve (2009) al amparo de la Ley General de Corporaciones de Puerto Rico, Ley Número Ciento Sesenta y Cuatro del año Dos Mil Nueve (164-2009),

---

[7] 32 LPRA Ap. V. R. 16.1.

[8] *Rivera Marrero v. Santiago Martínez*, supra, pág. 479; *López García v. López García*, supra, pág. 63; *Allied Mgmt Group. v. Oriental Bank*, supra, pág. 389.

[9] *López García v. López García*, supra, págs. 63-64; *Allied Mgmt Group. v. Oriental Bank*, supra, pág. 389.

[10] *López García v. López García*, supra, pág. 64; *García Colón v. Sucn. González*, supra, pág. 549.

según enmendada, inscrita al Registro de Corporaciones del Departamento de Estado bajo el registro número uno nueve cero cinco ocho cinco (190585), con número de seguro social patronal seis seis guion cero siete tres dos siete uno seis (66-0732716), representa en este acto por su secretario el señor LUIS FERNANDO PAGÁN CRUZ, mayor de edad, casado, propietario y vecino de Caguas, Puerto Rico, cuya capacidad representativa surge en virtud de la Resolución Corporativa jurada y suscrita el tres (3) de enero de dos mil veinticuatro (2024), en Caguas, Puerto Rico ante la notario Carmen I. Pérez Rosa, testimonio número cinco mil trescientos noventa y siete (5397), Resolución cual yo, el Notario, **DOY FE** de haber tenido ante mí, he examinado, revisado y concluido que la misma cumple con todos los requisitos de Ley, copia del cual procedo a retener para anejar y hacer formar parte de esta escritura como documento complementario; y por **TRIBECA CAPITAL GROUP LLC**, una compañía de responsabilidad limitada debidamente organizada en Puerto Rico el veintiocho (28) de abril de dos mil veintitrés (2023) al amparo de la Ley General de Corporaciones de Puerto Rico, Ley Número Ciento Sesenta y Cuatro del año Dos Mil Nueve (164-2009), según enmendada, inscrita al Registro de Corporaciones del Departamento de Estado bajo el registro número cinco cero siete uno cero uno (507101), y con número de seguro social patronal seis seis guion uno cero tres ocho tres seis seis (66-1038366), representada en este caso por su Presidente el señor **RAFAEL NADAL PALMER**, mayor de edad, casado, empresario y vecino de Guaynabo, Puerto Rico, cuya capacidad representativa surge en virtud de la Resolución Corporativa jurada y suscrita el veintitrés (23) de mayo de dos mil veinticuatro (2024), en San Juan, Puerto Rico ante este mismo notario, testimonio número cinco mil trescientos ochenta y uno (381), Resolución cual yo, el Notario, **DOY FE** de haber tenido ante mí, he examinado, revisado y concluido que la misma cumple con todos los requisitos de Ley, copia del cual procedo a retener para anejar y hacer formar parte de esta escritura como documento complementario (en adelante, la parte "COMPRADORA").---------Se hace constar que los comparecientes de la Parte compradora adquieren la propiedad inmueble objeto de esta escritura en común pro-indiviso, en partes iguales, es decir, en cincuenta por ciento (50.00%) para **RITOCCO INVESTMENTS, CORP.** y un cincuenta por ciento (501.00%) para **TRIBECA CAPITAL GROUP LLC.**-------

Debido a que Tribeca compareció en la escritura de compraventa como *parte compradora* de la propiedad, esta aparenta ostentar un interés propietario en la misma, y en la media en que se puede ver afectado dicho interés, concluimos que, esta es una parte indispensable del pleito de epígrafe de la cual no se puede prescindir.

Por otro lado, recordemos que, ante una solicitud de desestimación bajo la Regla 10.2 de Procedimiento Civil, deben tomarse como ciertos todos los hechos bien alegados en la demanda e interpretarse de la forma más favorable a la parte demandante[11]. Bajo este criterio, al hacer un análisis de las alegaciones de la demanda, podemos concluir que no procedía su desestimación en cuanto a Tribeca. En la *Demanda*, la parte apelante alega que fue otorgada una escritura de compraventa sobre la propiedad en controversia que pertenecía a la señora Ávila Hernández y a sus fallecidas hermana y madre. La aludida *Demanda* versa sobre nulidad de compraventa y se alega que, la escritura de compraventa fue otorgada por personas desconocidas que no forman parte de la sucesión de las fallecidas y son ajenas a la señora Ávila Hernández. De la mencionada escritura de compraventa surge que Tribeca figura como parte compradora de la propiedad. Es decir, al Tribeca estar involucrada en la escritura de compraventa, y al ser parte indispensable del pleito, no procede que se desestime la *Demanda* en su contra.

Por tanto, a la luz de lo previamente reseñado, resulta forzoso concluir que, incidió el foro de primera instancia al dictar *Sentencia Parcial* y desestimar la *Demanda* en cuanto a Tribeca.

Queremos destacar que, las alegaciones presentadas en la *Demanda* de epígrafe no deben ser tomadas de forma liviana, en la medida en que involucran a una adulta mayor, y plantean posibles actos de usurpación y fraude.

**IV**

Por los fundamentos que anteceden se revoca el dictamen apelado y se devuelve el caso Tribunal de Primera Instancia para la

---

[11] *Díaz Vázquez y otros v. Colón Peña y otros*, supra; *Inmobiliaria Baleares, LLC y otros v. Benabe González y otros*, supra; *Cobra Acquisitions, LLC v. Municipio de Yabucoa et al.*, supra, pág. 396.

continuación de los procedimientos, de conformidad con lo aquí resuelto.

Notifíquese.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones