Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| JUAN G. ROMÁN ROMÁN<br><br>Apelado<br><br>v.<br><br>LUSANDRA COSME, TADEO MALPICA ORTEGA<br><br>Apelantes<br><br>SELENIA ROMÁN RIVERA<br><br>Parte Indispensable | KLAN202500429 | APELACIÓN Procedente del Tribunal de Primera Instancia, Sala Superior de Arecibo<br><br>Caso Núm.: AR2023RF00656<br><br>Sobre: Alimentos entre parientes |

Panel integrado por su presidenta, la juez Brignoni Mártir, la jueza Álvarez Esnard y la jueza Prats Palerm.

Álvarez Esnard, jueza ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 15 de septiembre de 2025.

Comparecen ante nos la señora Lusandra Cosme Rodríguez y el señor Tadeo Malpica Ortega (en conjunto, "los Apelantes") mediante *Apelación* presentada el 13 de mayo de 2025. Por virtud de este escrito, nos solicita la revocación de la *Sentencia* emitida el 15 de enero de 2025 y notificada el 21 de enero del mismo año, por el Tribunal de Primera Instancia, Sala Superior de Arecibo, ("foro *a quo*" o "foro primario"). Mediante el aludido dictamen, el foro *a quo* le impuso a los Apelantes el pago de una pensión alimentaria entre parientes por la suma de quinientos dólares ($500.00) mensuales en beneficio de los menores, más el pago de trecientos treinta y tres dólares con treinta y tres centavos ($333.33) mensuales correspondientes a un plan de pago de una deuda de retroactividad ascendientes a ocho mil dólares ($8,000). Posteriormente, el 29 de marzo de 2025, notificada el 15 de abril del mismo año, el foro primario emitió *Resolución* en reconsideración y en consecuencia, enmendó las cuantías a pagar

Número Identificador

SEN(RES)2025_____

por los Apelantes, en doscientos cincuenta dólares ($250.00) mensuales por concepto pensión alimentaria y ciento treinta y un dólares con noventa y cuatro centavos ($131.94) mensuales para satisfacer la deuda de retroactividad ascendientes a cuatro mil setecientos cincuenta dólares ($4,750.00).

Por los fundamentos que expondremos a continuación, **revocamos** la *Sentencia* apelada

## I.

La presente controversia tiene su génesis el 18 de julio de 2023 cuando Juan Román Román ("señor Román" o "Apelado") instó *Demanda* sobre alimentos entre parientes contra los Apelantes.[1] Mediante la misma, alegó que los Apelantes eran los abuelos maternos de dos (2) menores de edad. Asimismo, el Apelado incluyó en su reclamación a Selenia Román Rivera ("señora Román Rivera") quien es la abuela paterna de los mencionados menores. En concreto, el señor Román esbozó que, como fruto de una relación que tuvo con Eleizer Malpica Cosme, procrearon a los dos (2) menores previamente mencionados. No obstante, explicó que, el 26 de octubre de 2019, Eleizer Malpica Cosme falleció y por virtud de una *Sentencia* emitida en el caso AR2019RF00416 ostenta la custodia legal de los menores.[2]

---

[1] Véase, Apendice del Recurso, págs. 1-3.

[2] Cabe destacar que de la *Sentencia* del caso AR2019RF00416, se desprende lo siguiente:

> A la vista sobre custodia celebrada el 30 de diciembre de 2019, comparecieron los peticionarios, **Sr. Juan G. Román Román y su esposa, la Sra. Kendra A. Rosario Méndez**, ambos por derecho propio. Los peticionarios son padre y madrastra, respectivamente, de los menores [...]

> [...]

> En atención lo declarado bajo juramento por los peticionarios y a la documentación presentada, el Tribunal declara Ha Lugar a la petición presentada y, en consecuencia, resuelve lo siguiente:

> 1) Se otorga la custodia de los menores [YGRM] [GSRM] a los peticionarios Juan G. Román Román y Kendra A. Rosario Méndez para todos los fines legales.

Véase, Apéndice del Recurso, págs. 12-13.

El Apelado agregó que, desde el fallecimiento de la madre de los menores, los abuelos maternos no han tenido iniciativa para aportar económicamente con la manutención de sus hijos. Igualmente, adujo que trabajaba a tiempo parcial en construcción, por lo que no contaba con los recursos necesarios para satisfacer las necesidades económicas de los menores. Por ello, solicitó al foro primario que ordenara a los Apelantes aportar económicamente una cantidad justa para satisfacer las necesidades de los menores.

Consta en el expediente, que el 1 de agosto de 2023, se expidieron los emplazamientos. En lo pertinente, surge del emplazamiento de Tadeo Malpica Ortega el siguiente encabezado:

ESTADOS UNIDOS DE AMERICA, SS
EL PRESIDENTE DE LOS ESTADOS UNIDOS
EL ESTADO LIBRE ASOCIADO DE PUERTO RICO

**A: TADEO MALPICA ORTEGA**
BARRIO LLANADA CARR 140 KM 65.9 INTERIOR, BARCELONETA, PUERTO RICO, 00617.[3]

En cuanto al emplazamiento de la señora Lusandra Cosme Rodríguez, surge lo siguiente:

ESTADOS UNIDOS DE AMERICA, SS
EL PRESIDENTE DE LOS ESTADOS UNIDOS
EL ESTADO LIBRE ASOCIADO DE PUERTO RICO

**A: LUSANDRA COSME**
BARRIO LLANADA CARR 140 KM 65.9 INTERIOR BARCELONETA, PUERTO RICO 00617.[4]

Así las cosas, el 15 de septiembre de 2023, los Apelantes presentaron *Contestación a Demanda.*[5] Mediante esta, negaron algunas de las alegaciones contenidas en la demanda y esbozaron sus correspondientes defensas afirmativas. A su vez, afirmaron que la obligación secundaria de alimentar a los menores no recae solamente sobre los abuelos maternos, sino que la misma les aplica a todos los abuelos, incluyendo los paternos. Abundaron que la pensión se establece según la capacidad económica de los abuelos, de acuerdo con su caudal y de las necesidades de los

---

[3] Véase, Apéndice del Recurso, págs. 17-18.
[4] *Íd.*, págs. 21-22.
[5] *Íd.*, págs. 24-26.

menores. De igual forma, argumentaron que, si el padre se casó nuevamente, el tribunal tendría que evaluar si existe un régimen de sociedad de bienes gananciales, y de ser así, debía analizarse si con los bienes del padre y su esposa se puede cubrir las necesidades de los menores.

Así pues, 16 de octubre de 2023, el foro primario emitió *Orden de Reunión Entre las Partes y Señalamiento de Juicio en su Fondo*.[6] Mediante esta, el foro *a quo* les concedió a las partes hasta el 16 de noviembre de 2023 para cursar el descubrimiento de prueba y señaló el juicio en su fondo para el 5 de febrero de 2024. Llegada la mencionada fecha, el foro primario celebró vista de juicio en su fondo por videoconferencia en la que comparecieron las partes de epígrafe junto a sus abogados salvo la señora Román Rivera quien compareció por derecho propio.[7] Durante la vista, se abordaron algunos temas tales como la inclusión formal de la abuela paterna al pleito y la culminación del descubrimiento de prueba. Como corolario de lo anterior, se desprende de la *Minuta* de la aludida vista que la señora Román Rivera se sometió voluntariamente a la jurisdicción del foro primario y, de igual modo, se estableció un calendario de trabajo en la que, entre otras cosas, se señaló para el 6 de mayo de 2024 el juicio en su fondo.

Así las cosas, el 6 de mayo de 2024, se llevó a cabo el juicio en su fondo.[8] En este, comparecieron todas las partes a quienes se le tomaron juramento. Subsiguientemente, el Apelado presentó su testimonio en corte abierta y además sometió la siguiente prueba documental:

1. Certificado de Nacimiento de [menor GSRM]. Se marcó como Exhibit I.
2. Certificado de Nacimiento de [menor YGRM]. Se marcó como Exhibit II.

---

[6] *Íd.*, págs. 30-31.
[7] *Íd.*, págs. 38-39.
[8] *Íd.*, págs. 61-62.

3. Certificado de Defunción de Eleizer Malpica Cosme. Se marcó como Exhibit III.

4. Estado de cuenta del Seguro Social de la señora Selenia Román Rivera. Se marcó como Exhibit IV.

5. Documento del PAN. Se marcó como Exhibit V.

6. Factura de agua a nombre de María M. Rivera Reyes. Se marcó como Exhibit VI.

7. Facturas de Luz (2) a nombre de María M. Rivera Reyes. Se marcó como Exhibit VII "A y B".[9]

Con esto, el Apelado dio por sometida su prueba y el foro primario señaló para el 10 de junio de 2024 la continuación de juicio.

De esta manera, el 10 de junio de 2024, el foro *a quo* llevó a cabo la continuación de la vista y, en esta, los Apelantes presentaron la siguiente prueba documental:

Exhibit 1: Certificado de ingresos del seguro social de Lusandra Cosme Rodríguez.
Exhibit 2: Certificado de ingresos de Tadeo Malpica Ortega.
Exhibit 3: Certificado de matrimonio de los demandados.[10]

Además, los Apelantes sometieron como prueba testifical, el testimonio de estos en corte abierta. Tras varias incidencias, ambas partes sometieron su caso y el foro primario se reservó su determinación.

En vista de lo anterior, el 15 de enero de 2025, notificada el 21 de enero del mismo año, el foro primario emitió *Sentencia*.[11] Mediante este dictamen, el foro *a quo* dispuso lo siguiente:

Se establece una pensión alimentaria entre parientes por la suma de **$500.00** mensuales en beneficio de los menores, a ser pagada por los señores Lusandra Cosme y Tadeo Malpica Ortega, abuelos maternos. Ello efectivo al 18 de julio de 2023. Dicha cantidad deberá ser pagada mediante depósito en una cuenta en la Cooperativa COOPACA perteneciente al señor Juan G. Román Román, o cualquier otro método en que ambas partes acuerden. Ambas partes deberán llevar récord de lo pagado y lo recibido.

Ante la existencia de deuda por retroactividad al mes de enero de 2025 por la suma de **$8,000.00**, se confiere un plan de pago de **$333.33** mensuales, por 24 meses, comenzando el 1 de enero de 2025, hasta finiquitar este pasivo mediante depósito en una cuenta en la Cooperativa

---

[9] *Íd.*, pág. 62.
[10] *Íd.*, pág. 64.
[11] *Íd.*, pág. 79-80.

COOPACA perteneciente al señor Juan G. Román Román, o cualquier otro método en que ambas partes acuerden.

Se les apercibe a los señores Lusandra Cosme y Tadeo Malpica Ortega, que deberán pagar la pensión alimentaria de **$500.00** mensuales, y el plan de pago de **$333.33** mensuales comenzando el 1 de enero de 2025, hasta el saldo de lo adeudado mediante depósito en una cuenta en la Cooperativa COOPACA perteneciente al señor Juan G. Román Román, o cualquier otro método en que ambas partes acuerden.

**Se apercibe a las partes que deberán dar fiel y estricto cumplimiento a lo aquí dispuesto. El incumplimiento con esta Sentencia podrá acarrear que el Tribunal tome medidas o hasta la implementación de sanciones económicas. De haber algún cambio de dirección, deberán notificarlo inmediatamente a la otra parte y a este Tribunal.**[12]

En desacuerdo, el 4 de febrero de 2025, los Apelantes presentaron *Moción Solicitando Determinaciones de Hechos y Conclusiones de Derecho; y Solicitud de Reconsideración.*[13] Mediante esta, expusieron que no surgía de la sentencia que se hubiera evaluado los elementos del Artículo 658 del Código Civil de Puerto Rico, 31 LPRA sec. 7541, pese a que los Apelantes son adultos mayores. Aludieron que, la responsabilidad de los abuelos en cuanto al pago de alimentos a sus nietos es subsidiaria, por lo que era solamente exigible en el caso de que ambos padres no estuviesen capacitados física y mentalmente para proporcionárselos a sus hijos menores de edad. Detallaron que la obligación secundaria de alimentar a unos menores no recaía solamente sobre los abuelos maternos, sino sobre todos los abuelos, incluyendo los paternos. Por lo tanto, solicitaron la reconsideración de la *Sentencia*, y, en vista de ello, solicitaron que se determinara que el Apelado estaba apto para generar ingresos y, por consiguiente, podía cumplir con las obligaciones y responsabilidades de alimentar a sus hijos.

Atendido este escrito, el foro primario notificó *Orden* mediante la cual expuso lo siguiente: "el tribunal procedra [sic] a escuchar la grabacion [sic] del caso y evaluar el expediente y

---

[12] *Íd.*
[13] *Íd.*, págs. 89-98.

oportunamente emitirá [sic] su determinacion [sic] en cuanto a la presente mocion" [sic].[14]

Ante este cuadro, el 29 de marzo de 2025, notificado el 15 de abril de ese año, el foro primario emitió *Resolución.*[15] Por virtud de esta incorporó las siguientes determinaciones de hecho:

1. El Sr. Juan G. Román Román es el padre biológico de los menores [YGRM y GSRM], de 14 y 13 años respectivamente.

2. La madre biológica de los menores, la Sra. Eleizer Malpica Cosme, falleció el 26 de octubre de 2019.

3. Los menores asisten a la Escuela [...], en Arecibo, Puerto Rico.

4. El Sr. Juan G. Román Román trabaja, desde alrededor de 2 años, en la Vaquería Rincón Chiquito ubicada en el Barrio Islote Sector Víbora, en Arecibo, Puerto Rico.

5. El Sr. Juan G. Román Román trabaja 4 horas/4 días a la semana, generando un ingreso de $298.00 semanales.

6. Su ingreso es pagado en efectivo y no recibe talonarios de cobro.

7. Antes de trabajar en la vaquería, el Sr. Juan G. Román Román trabajaba en construcción.

8. El Sr. Juan G. Román Román no cuenta con ningún otro ingreso.

9. El Sr. Juan G. Román Román recibe los beneficios del PAN del Departamento de la Familia por la cantidad de $482.00 mensuales.

10. La residencia que actualmente reside el Sr. Juan G. Román Román y los menores se construyó en un predio cedido por la Sra. María M. Rivera Reyes (abuela de la parte demandante), por lo que no tiene gastos de renta.

11. La residencia no cuenta con luz ni con agua propia, por lo que la Sra. María M. Rivera Reyes le sirve los referidos servicios.

12. El Sr. Juan G. Román Román se encarga de pagar las facturas de agua y luz.

13. El pago del servicio de agua es de $16.14 mensuales.

14. El pago del servicio de energía eléctrica fluctúa entre $41.50 a $99.79.

15. El Sr. Juan G. Román Román tiene gastos adicionales con los menores de ropa, calzado, materiales escolares, actividades escolares. No guarda recibos de estos gastos.

16. La madre del Sr. Juan G. Román Román y abuela paterna de los menores, la Sra. Selenia Román Rivera, lo ayuda con estos gastos en la medida que pueda.

17. La Sra. Selenia Román Rivera tiene 63 años de edad.

18. La Sra. Selenia Román Rivera recibe $390.00 mensuales del Seguro Social.

---

[14] *Íd.*, pág. 100.
[15] *Íd.*, págs. 109-115.

19. El Sr. Juan G. Román Román no realiza salidas con los menores porque el dinero no le alcanza para ello.

20. El Sr. Juan G. Román Román no matricula a los menores en deportes porque el dinero no alcanza para ello.

21. Los menores cuentan con el plan médico de Reforma Vital.

22. Los medicamentos recetados los cubre el plan médico, pero no cubre todos como, por ejemplo, los medicamentos "over the counter" y el tratamiento de acné del menor [YGRM].

23. **El Sr. Juan G. Román Román no está incapacitado física o mentalmente para trabajar**.

24. El Sr. Juan G. Román Román recibió $6,700.00 durante la pandemia del COVID-19 por los beneficios del PUA ("Pandemic Unemployment Assistance").

25. Los abuelos maternos de los menores lo son la Sra. Lusandra Cosme y el Sr. Tadeo Malpica Ortega.

26. Todos los fines de semana, la hija de la Sra. Lusandra Cosme y el Sr. Tadeo Malpica Ortega, hermana de la Sra. Eleizer Malpica Cosme, buscaba a los menores para relacionarse con ello.

27. Las residencias de ambos son una al lado de la otra.

28. Al presente, no se relacionan con frecuencia con los menores

29. La Sra. Lusandra Cosme recibe $1,209.00 mensuales por seguro social.

30. La Sra. Lusandra Cosme no recibe ningún otro ingreso.

31. La Sra. Lusandra Cosme cobra el seguro social el cuarto miércoles del mes.

32. El Sr. Tadeo Malpica Ortega recibe $1,087.00 mensuales por seguro social.

33. El Sr. Tadeo Malpica Ortega no recibe ningún otro ingreso.

34. El Sr. Tadeo Malpica Ortega cobra el seguro social el segundo miércoles del mes.

35. La Sra. Lusandra Cosme y el Sr. Tadeo Malpica Ortega incurren en distintos gastos mensuales, tales como:

    a. Hipoteca: $505.00

    b. Energía eléctrica: $40.00

    c. Agua: $25.00

    d. Celular: $150.00

    e. Placas solares: $189.00

    f. Cable: $138.00

    g. Internet: $40.00

    h. Compra de alimentos: $250.00

    i. Gasolina: $100.00

    j. Mantenimiento del hogar: $50.00 (Énfasis nuestro).[16]

---

[16] *Íd.*, págs. 110-112.

Cónsono con estas determinaciones de hechos, el foro primario reconsideró y dispuso lo siguiente:

> Se establece pensión alimentaria entre parientes por la suma de **$250.00** mensuales en beneficio de los menores, a ser pagada por los señores Lusandra Cosme y Tadeo Malpica Ortega, abuelos maternos. Ello efectivo al 18 de julio de 2023. Dicha cantidad deberá ser pagada mediante depósito en una cuenta en la Cooperativa COOPACA perteneciente al Sr. Juan G. Román Román, o cualquier otro método en que ambas partes acuerden. **<u>Ambas partes deberán llevar récord de lo pagado y lo recibido.</u>**
>
> Ante la existente deuda por retroactividad al mes de marzo de 2025 por la suma de **$4,750.00**, se confiere un plan de pago de $131.94 mensuales, por 36 meses, comenzando el 1 de abril de 2025, hasta finiquitar este pasivo mediante depósito en una una cuenta en la Cooperativa COOPACA perteneciente al Sr. Juan G. Román Román, o cualquier otro método en que ambas partes acuerden. **<u>Ambas partes deberán llevar récord de lo pagado y lo recibido.</u>**
>
> Se les apercibe a los señores Lusandra Cosme y Tadeo Malpica Ortega, que deberán pagar la pensión alimentaria de $250.00 mensuales, y el plan de pago de $131.94 comenzando el 1 de abril de 2025, hasta el saldo de lo adeudado mediante depósito en una cuenta en la Cooperativa COOPACA perteneciente al Sr. Juan G. Román Román, o cualquier otro método en que ambas partes acuerden.
>
> **Se apercibe a las partes que deberán dar fiel y estricto cumplimiento a lo aquí dispuesto. El incumplimiento con este plan podrá acarrear que el Tribunal tome medidas o hasta la implementación de sanciones económicas. De haber algún cambio de dirección, deberán notificarlo inmediatamente a la otra parte y a este Tribunal.**[17]

Aun inconforme, el 13 de mayo de 2025, los Apelantes acudieron ante esta Curia mediante el recurso de epígrafe y formularon los siguientes señalamientos de error:

> Erró el TPI al emitir Sentencia y posterior Resolución de alimentos entre parientes contra los apelantes sin que se hubiese acumulado y emplazado como parte indispensable a la Sociedad Legal de Gananciales compuesta por los apelantes y sin que se hubiese acumulado y emplazado a la Sra. Kendra A. Rosario Méndez quien ostenta custodia legal de los menores conforme sentencia de 2 de enero de 2020 en caso Núm. AR2019RF00416.
>
> Erró el TPI al imponer una pensión alimentaria entre parientes a los apelantes cuando la obligación de alimentar de los abuelos es subsidiaria y el apelado no demostró que padeciera de alguna condición o impedimento físico que le impida trabajar y cumplir con su deber de alimentar a sus hijos menores de edad.
>
> Erró el TPI al no imponer obligación del pago de la pensión alimentaria entre parientes a la apelada, Selenia Román Rivera, abuela paterna, imponiendo dicha obligación solo a los apelantes.

---

[17] *Íd.*, págs. 114-115.

El 14 de mayo de 2025, junto a su recurso, los Apelantes presentaron ante esta Curia *Moción en Auxilio de Jurisdicción* mediante la cual solicitaron la paralización de los efectos de la *Sentencia* notificada el 21 de enero de 2025 y de la *Resolución* notificada el 15 de abril de 2025 por el foro primario. En igual fecha, esta Curia emitió *Resolución* la cual declaró *Ha Lugar* la moción de auxilio de jurisdicción instada por los Apelantes y, por consiguiente, se ordenó la paralización del efecto de los dictámenes antes mencionados.

De igual forma, el 14 de mayo de 2025, los Apelantes presentaron *Moción Solicitando Autorización para Presentación de Transcripción de la Prueba Oral.*

Así pues, el 16 de mayo de 2025, esta Curia emitió *Resolución* en la cual, entre otros asuntos, se le concedió un término de veinte (20) días para presentar la transcripción de la prueba oral estipulada ante este Tribunal. Asimismo, se le concedió los Apelantes, un término de treinta (30) días, a partir de la presentación de la transcripción, para someter alegato suplementario. De la misma manera, se dispuso que el Apelado debería presentar su alegato en oposición en un término de treinta (30) días, a partir de la fecha de presentación del alegato suplementario.

Así las cosas, en cumplimiento con nuestra orden, el 5 de junio de 2025, los Apelantes presentaron *Moción en Cumplimiento de Resolución Sometiendo copia del Transcripción de vista de juicio en su fondo en caso Núm. AR2023RF00656.* El 13 de junio de 2025, esta Curia emitió *Resolución* en la que se acogió la transcripción de la prueba oral como la prueba oral del caso. De la misma forma, se le concedió a los Apelantes hasta el 7 de julio de 2025 para someter su alegato suplementario. Además, este Tribunal dispuso que la parte Apelada tendría veinte (20) días para

presentar su oposición y aclaramos que estos términos serian improrrogables. Oportunamente, el 7 de julio de 2025, los Apelantes presentaron *Alegato Suplementario de la Parte Apelante*. No obstante lo anterior, tras vencido el término para comparecer, el Apelado no sometió escrito alguno ante esta Curia, por lo que procedemos a resolver la presente controversia sin el beneficio de su comparecencia.

## II.
### A. Emplazamiento

En nuestro ordenamiento jurídico, el emplazamiento es el mecanismo procesal que permite al tribunal adquirir jurisdicción sobre la persona de la parte demandada, de forma tal que ésta quede obligada a la sentencia final que se dicte. *Martajeva v. Ferré Morris y otros*, 210 DPR 612, 620 (2022). Así pues, este mecanismo constituye "el paso inaugural del mandato constitucional que cobija a toda persona demandada, viabilizando el ejercicio de jurisdicción judicial". *SLG Rivera-Pérez v. SLG Díaz-Doe,* 207 DPR 636, 647 (2021).

Por tanto, el emplazamiento es parte esencial del debido proceso de ley, por lo que, su cumplimiento no es una mera formalidad. *Martajeva v. Ferré Morris y otros, supra,* pág. 620. Mediante este mecanismo procesal se notifica al demandado sobre la existencia de una reclamación incoada en su contra. *Bernier González v. Rodríguez Becerra,* 200 DPR 637, 644 (2018).

Al respecto, el estado de derecho vigente procura el cumplimiento estricto del emplazamiento:

> La parte demandante tiene la obligación de dar cumplimiento estricto a los requerimientos del emplazamiento, incluso su diligenciamiento, ya que existe una política pública que requiere que la parte demandada sea emplazada y notificada debidamente para evitar el fraude y que los procedimientos judiciales se utilicen para privar a una persona de su propiedad sin el debido proceso de ley. *Rivera Marrero v. Santiago Martínez,* 203 DPR 462, 480 (2019).

Esta política pública garantiza el correcto emplazamiento, lo cual tiene mayor peso que el principio de economía procesal. *Bernier González v. Rodríguez Becerra, supra,* págs. 644-645. A tenor con lo anterior, la Regla 4.3 de Procedimiento Civil, 32 LPRA Ap. V, R. 4.3(c) establece el proceso y el término para diligenciar el emplazamiento:

> El emplazamiento será diligenciado en el término de ciento veinte (120) días a partir de la presentación de la demanda o de la fecha de expedición del emplazamiento por edicto. El Secretario o Secretaria deberá expedir los emplazamientos el mismo día en que se presenta la demanda. Si el Secretario o Secretaria no los expide el mismo día, el tiempo que demore será el mismo tiempo adicional que los tribunales otorgarán para diligenciar los emplazamientos una vez la parte demandante haya presentado de forma oportuna una solicitud de prórroga. Transcurrido dicho término sin que se haya diligenciado el emplazamiento, el tribunal deberá dictar sentencia decretando la desestimación y archivo sin perjuicio. Una subsiguiente desestimación y archivo por incumplimiento con el término aquí dispuesto tendrá el efecto de una adjudicación en los méritos.

Sobre este particular, recientemente el Tribunal Supremo de Puerto Rico resolvió en el caso *Ross Valedón v. Hosp. Dr. Susoni et al.*, 213 DPR 481, 492 (2024), que "ante un primer incumplimiento con el término de 120 días para diligenciar los emplazamientos, los tribunales están obligados a dictar prontamente una sentencia decretando la desestimación y el archivo sin perjuicio de la reclamación judicial" (Énfasis suprimido). De tal manera, se reitera que la Regla 4.3 de Procedimiento Civil, *supra*, no provee discreción al tribunal para extender el término para emplazar, pues éste es improrrogable. *Bernier González v. Rodríguez Becerra, supra*, pág. 649.

Ahora bien, en lo que respecta al emplazamiento de una Sociedad Legal de Bienes Gananciales, la Regla 4.4 (e) de Procedimiento Civil, *supra*, dispone que "[a] la Sociedad Legal de Gananciales se emplazará entregando copia del emplazamiento y de la demanda a ambos cónyuges".

Sobre este lenguaje, el Tribunal Supremo de Puerto Rico ha aclarado que "la nueva regla –– sin dejar margen para una interpretación distinta -- expresamente dispone que cuando se vaya a demandar a la Sociedad Legal de Bienes Gananciales, se deberá hacer diligenciando el emplazamiento a ambos cónyuges, **por sí y en representación de la Sociedad Legal de Bienes Gananciales compuesta por ambos**" (Énfasis nuestro). *Torres Zayas v. Montano Gómez et als.,* 199 DPR 458, 471 (2017).

Ello responde, a que la Sociedad Legal de Bienes Gananciales **es una entidad jurídica separada e independiente de los cónyuges que la componen**. *Íd.*, pág. 472.

### B. Falta de parte indispensable

En nuestro esquema procesal, la Regla 16.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 16.1, regula la figura de parte indispensable:

> Las personas que tengan un interés común sin cuya presencia no pueda adjudicarse la controversia, se harán partes y se acumularán como demandantes o demandadas, según corresponda. Cuando una persona que deba unirse como demandante rehúse hacerlo, podrá unirse como demandada.

Según la interpretación jurisprudencial, la parte indispensable es aquella de la cual no se puede prescindir y cuyo interés en la cuestión es de tal magnitud, que no puede dictarse un decreto final entre las otras partes sin lesionar y afectar radicalmente sus derechos. *Inmobiliaria Baleares, LLC v. Benabe González,* 2024 TSPR 112, 214 DPR ___ (2024). Así pues, "una parte se convierte en indispensable cuando la controversia no puede adjudicarse sin su presencia ya que sus derechos se verían afectados". *Rivera Marrero v. Santiago Martínez,* 203 DPR 462, 479 (2019).

Por su trascendencia, "la sentencia que se emita en ausencia de parte indispensable es nula". *García Colón et al. v. Sucn.*

*González*, 178 DPR 527, 550 (2010). Si no está presente en el litigio se trasgrede el debido proceso de ley del ausente. *Rivera Marrero v. Santiago Martínez, supra*, pág. 479. Por tanto, el planteamiento de falta de indispensable puede presentarse en cualquier momento, lo que incluye que se presente por primera vez en apelación o incluso el tribunal puede levantarlo motu *proprio. Inmobiliaria Baleares, LLC v. Benabe González, supra; Pérez Ríos et al. v. CPE, supra.* De reconocerse que una parte indispensable está ausente debe desestimarse la acción legal, sin embargo, tal proceder no tendrá el efecto de una adjudicación en los méritos, ni por ende, de cosa juzgada. *Pérez Rosa v. Morales Rosado*, 172 DPR 216, 224 (2007).

### III.

En el presente caso, los Apelantes nos solicitan la revocación de la *Sentencia* emitida el 15 de enero de 2025 y notificada el 21 de enero del mismo año, la cual fue modificada mediante *Resolución* emitida el 29 de marzo de 2025 y notificada el 15 de abril de ese año. No obstante, tras examinar detenidamente el expediente del presente recurso, nos percatamos que el caso ante nos adolece de un error jurisdiccional insubsanable. Veamos

Conforme consta en el expediente, el 1 de agosto de 2023, se expidieron los emplazamientos a la señora Lusandra Cosme Rodríguez y al señor Tadeo Malpica Ortega quienes figuran como los Apelantes en este pleito. No empece a que los emplazamientos fueron debidamente expedidos, salta a la vista que dichos emplazamientos se realizaron únicamente a los Apelantes en su carácter individual, **pues no se incluyeron en los mismos a la Sociedad Legal de Bienes Gananciales compuesta por éstos**. Es harto sabido que la Sociedad Legal de Bienes Gananciales es una entidad **con personalidad jurídica propia** y separada de los dos (2) miembros que la componen. *Torres Zayas v. Montano Gómez et*

*als, supra,* pág. 466. Por ello, nuestro Tribunal Supremo ha aclarado que "la mejor practica para emplazar a una Sociedad Legal de Bienes Gananciales es incluyendo a ambos cónyuges, por si **y en representación de la Sociedad Legal de Bienes Gananciales**, ello como medida cautelar ante la eventualidad de que surgiera un conflicto de intereses" (Énfasis nuestro). *Íd.*, pág. 469.

Nótese que, para poder emplazar efectivamente a una Sociedad Legal de Bienes Gananciales, es necesario que en el emplazamiento a los cónyuges **surja que también se está emplazando a la Sociedad Legal de Bienes Gananciales que estos constituyen**. *Íd.*, pág. 471, escolio 5. En el caso que nos ocupa, dicho proceso no se llevó a cabo, pues cuando se expidieron los correspondientes emplazamientos, únicamente se hizo alusión a los Apelantes en su carácter individual sin mencionarse la Sociedad Legal de Bienes Gananciales compuesta por éstos. Es decir, en presente pleito, no se trajo a la Sociedad Legal de Bienes Gananciales, la cual es una figura jurídica distinta a los Apelantes y cuya "masa de bienes gananciales es separada y distinta de aquella que le pertenece a cada uno de sus miembros en capacidad individual." *Íd.* págs. 472-473.

Conviene puntualizar que, en el caso de marras, es un hecho incontrovertido que los Apelantes están casados. Evidencia de ello, son sus respuestas en el pliego de interrogatorio en los cuales ambos se identificaron como casados,[18] en el testimonio vertido en corte abierta por la señora Lusandra Cosme Rodríguez en la cual expresó que estaba casado con Tadeo Malpica Ortega,[19] y en el

---

[18] Véase, Apéndice del Recurso, págs.71 y 73.
[19] Véase, Transcripción de la Prueba Oral, pág. 123, lineas 24-24- pág. 124 líneas 1-7, en la cual se desprende lo siguiente:
P Le pregunto, Lusandra, ¿usted... cuál es su estado civil?
R Casada.
P Usted está casada, ¿Con quién usted está casada?
R Con Tadeo Malpica Ortega.

certificado de matrimonio de los Apelantes que obra en el expediente.[20] Asimismo, en el propio recurso de apelación, éstos sostienen que se encuentran bajo el régimen de Sociedad Legal de Bienes Gananciales.[21]

Asimismo, del expediente ante nos, se desprende que en el caso AR2019RF00416 el foro primario dictó *Sentencia* el 2 de enero de 2020. Del referido dictamen se desprende lo siguiente:

> A la vista sobre custodia celebrada el 30 de diciembre de 2019, comparecieron los peticionarios, Sr. Juan G. Román Román y su **esposa**, la Sra. Kendra A. Rosario Méndez, ambos por derecho propio. Los peticionarios son padre y madrastra, respectivamente, de los menores [...]
>
> [...]
>
> En atención lo declarado bajo juramento por los peticionarios y a la documentación presentada, el Tribunal declara Ha Lugar a la petición presentada y, en consecuencia, resuelve lo siguiente:
>
> 1) Se otorga la custodia de los menores [YGRM] [GSRM] a los peticionarios Juan G. Román Román y Kendra A. Rosario Méndez para todos los fines legales (Énfasis suplido).[22]

Nótese que conforme surge del precitado dictamen, el señor Román **está casado** con la señora Kendra A. Rosario Méndez ("señora Rosario Méndez") y ambos ostentan la custodia de los menores. En vista de ello, en el caso de marras, se debió traer al pleito a la señora Rosario Méndez, pues al esta figurar como la esposa del Apelante y ser la custodia de los menores, **es parte indispensable en esta controversia**.

A tono con todo lo anterior, es menester precisar que "los tribunales tienen la responsabilidad indelegable de evaluar, en primera instancia, su propia jurisdicción, **así como la del foro del cual procede el recurso ante su consideración**"(Énfasis nuestro). *Freire Ruiz et al. v. Morales, Hernández*, 214 DPR__ (2024), 2024

---

[20] Véase, Apendice del Recurso, pág. 75
[21] Véase, Apelación, pág. 3, en la que los Apelantes alegan que "[a] pesar de estar casados bajo el régimen de Sociedad Legal de Bienes Gananciales, dicha sociedad legal de bienes ganaciales no fue acumulada como parte ni emplazada".
[22] Véase, Apéndice del Recurso, págs. 12-13.

TSPR 129, pág. 23. Cónsono con lo anterior, "[e]s norma reiterada que los tribunales debemos ser celosos guardianes de nuestra jurisdicción, por lo que los asuntos relacionados con ésta **son privilegiados** y deben atenderse con prioridad" (Énfasis nuestro). *Íd.*, pág. 24.

En el caso de marras no se emplazó a la Sociedad Legal de Bienes Gananciales compuesta por los Apelantes. De igual forma, tampoco compareció al pleito ni se acumuló como parte a la señora Rosario Méndez, quien figura como custodia de los menores y esposa del Apelado así como tampoco se acumuló a la Sociedad Legal de Bienes Gananciales compuesta por el señor Román y la señora Rosario Méndez. Ante tales circunstancias, es forzoso concluir que todas las determinaciones emitidas por el foro primario en este caso, incluyendo la *Sentencia* emitida el 15 de enero de 2025, así como la *Resolución* emitida 29 de marzo de 2025 **son nulas.** La razón de ello obedece a que tanto la Sociedad Legal de Bienes Gananciales compuesta por los Apelantes, la señora Rosario Méndez y la Sociedad Legal de Bienes Gananciales compuesta por ésta y el Apelado, son partes indispensables y no fueron traídas al presente pleito. A tenor con esta determinación, no es necesario discutir el segundo señalamiento de error.

**IV.**

Por los fundamentos expuestos, **revocamos** la *Sentencia* apelada.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones